457 A.2d 111

Joseph COLAVECCHI

v.

Bert E. KNARR and Luella C. Knarr, his wife, Mary Louise Marshall, Orville Marshall, her husband, Silas P. Knarr, and Alice F. Knarr, his wife, Henry S. Knarr and Evelyn Knarr, his wife, H.S. Knarr, and Mary Knarr, his wife, Wesley E. Donahue, and Lisa A. Donahue, his wife, and Any Heirs or Persons Claiming or Who Might Claim Title Under Them and Any Other Person, Persons, Firms, Partnerships or Corporate Entities who Might Claim Any Title to the Premises Herein Described.

Appeal of Wesley E. DONAHUE and Lisa S. Donahue.

Superior Court of Pennsylvania.

Submitted Sept. 28, 1981.

Filed Feb. 25, 1983.

Jackson Casey, Sykesville, for appellants.

Joseph Colavecchi, in pro. per.

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

CAVANAUGH, Judge:

In October, 1973, the appellee, Joseph Colavecchi, purchased a one-half interest in certain real estate located in Clearfield County, Pennsylvania, at a tax sale. Unfortunately, for the parties involved in this appeal, the same real estate was also conveyed by the Clearfield County Commissioners to the appellants herein, Wesley E. Donahue and Lisa A. Donahue.

In December, 1978, the appellee commenced an action to quiet title against the appellants, and others. The appellee proceeded on two fronts in his action to quiet title. He sought to have the sheriff serve those of the defendants whose existence and whereabouts were known. He also petitioned the court for service by publication upon those defendants whose whereabouts were unknown or upon parties in interest whose identity was not known. On December 4, 1978, the court below pursuant to Pa.R.C.P. 1064 entered an order directing service of the complaint by publication in the Clearfield Progress newspaper upon parties in interest in the property "who are presently not of record and cannot be determined after due investigation of the available records, . . . so that this will be notice at large to any defendants of whom the plaintiff may not have knowledge." The order further provided that if the complaint was not pleaded to within twenty days after the publication of the notice that judgment may be entered against such defendants.

Appellee knew of the existence and whereabouts of the appellants and they were listed in the complaint as: "Wesley E. Donahue and Lisa A. Donahue, his wife, of 239 S. Highland Street, DuBois, Pennsylvania, 15801." A copy of the complaint was delivered to the sheriff's office to be personally served on the appellants but apparently the sheriff's office was unable to do so. Before the sheriff's return was filed concerning the appellants, the court below on January 2, 1979, by President Judge Reilly, entered an order in the action confirming title in the appellee and stating that appellee: "has an indefeasible title to the property in question." On January 16, 1979 the "sheriff's return" was filed which stated *inter alia* that "after diligent search in my bailiwick I return the within action to quiet title 'NOT FOUND', as to Wesley E. and Lisa A. Donahue, defendants."

On February 6, 1979 the appellee filed a praecipe for judgment with the prothonotary and in March, 1979, the appellants learned that judgment had been entered against them. On April 28, 1980, after many attempts to obtain counsel appellants filed their petition to open or vacate judgment which was denied by the court below.

Appellants contend that the judgment against them was void as they were not personally served with a copy of the complaint. Appellants argue in their brief that there should have been personal service made upon them as "during the pendency of this action defendant Wesley E. Donahue was listed in the DuBois telephone directory of September, 1978, and was listed in the Clearfield County voter's registration roles." We agree that there was not proper service on appellants. Pa.R.C.P. 1064(c) dealing with service of process in an action to quiet title states:

(c) If a defendant is dead or his identity or whereabouts is unknown, and an affidavit to that effect is filed, the plaintiff may serve the defendant by publication in such manner as the court by local rule or special order shall direct.

This rule is exemplary as actions to quiet title may involve real estate wherein the parties in interest are long dead, or whose whereabouts are unknown. The court below properly allowed service by publication as to "any defendants of whom the plaintiff may not have knowledge." Appellants clearly did not fall within this class as the appellee was well aware of appellants' existence and whereabouts. That the sheriff could not make service at the address furnished to him by appellee did not by that fact convert the appellants into persons "whose whereabouts [are] unknown." If the sheriff visited the appellants' residence when they were at work, or absent for some other reason, service by publication would not be permitted in place of personal service.

The appellants have appealed to this court from the dismissal by the court below of the petition to open or vacate judgment. The grant of a petition to open judgment is a matter of judicial discretion and an appeal to the court's equitable powers. This discretion is to be exercised only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown and (3) the failure to appear can be excused. Further, a lower court's refusal to open a judgment will not be reversed unless there has been an abuse of discretion. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971). *See also, Maurice Goldstein Co. v. Marogolin*, 285 Pa.Super. 161, 427 A.2d 162 (1980).

In the instant case the appellants did not fall within the class of persons over whom the court permitted service by publication. Since there was no personal service on appellants the court did not have jurisdiction over them.

Our appeal is controlled by *Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 272 Pa.Super. 462, 466, 416 A.2d 549, 551 (1979) in which this court stated:

The lower court correctly noted that, ordinarily, three factors must coalesce before a default judgment can be opened: "(1) the petition to open must be promptly filed;

(2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 498, 305 A.2d 698, 700 (1973). *Where, as here, however, a defendant asserts that he was never served with the complaint and therefore had no notice of the proceedings against him, we believe that a court must determine whether such assertion is true before considering any other factors. If valid service has not been made and the defendant is wholly without notice of the proceedings against him, then the court has no personal jurisdiction over the defendant and is without power to enter a judgment against him.* (Emphasis added).

In *Johnson v. Atlas Van Lines*, 274 Pa.Super. 253, 418 A.2d 392 (1980) we stated at 274 Pa.Super. 257, 418 A.2d 394:

Because valid service was not made and appellant was wholly without notice of the proceedings against it, the district justice was without power to enter a default judgment herein. Accordingly, we must reverse the order of the lower court denying appellant's petition to set aside service and open judgment, and remand to give appellant the opportunity to file an answer to appellee's complaint.

*See also, Kophazy v. Kophazy*, 279 Pa.Super. 373, 421 A.2d 246 (1980).[1]

■ Applying the test of *Liquid Carbonic Corp., supra*, we find that the judgment against appellants was invalid, as they were not properly served and the court below abused its discretion in refusing to open the judgment.

1. In *American Vending Co., Inc. v. Brewington*, 289 Pa.Super. 25, 432 A.2d 1032 (1981) this court considered *Liquid Carbonic Corp., supra*, as the appellants contended that they were not served with a copy of the complaint. On appeal from an order refusing to open default judgment, the court affirmed as there was sufficient evidence to sustain the determination of the court below that they had been properly served by the sheriff.

64

In the circumstances of this case, the appellants acted promptly to petition the court to open the default judgment after they learned that it had been entered. The requirement of a meritorious defense was clearly present as the court lacked jurisdiction over the appellants and there was also a valid excuse for failure to appear as the appellants were unaware of the action to quiet title until after default judgment had been entered.

Order dismissing the petition to open judgment vacated and judgment opened.