## Keta Gas & Oil Co. v. Proctor

C.P. of Lycoming County, No. 50-00,571

ANDERSON, J., Oct. 2, 2014—Before the court is the Petition to Strike Default Judgment filed by Thomas E. Proctor Heirs (hereinafter "Petitioners") on January 10, 2014.[1] Argument on the petition was heard September 12, 2014, following which Petitioners requested the opportunity to file a supplemental brief. That brief was filed September 24, 2014, and the matter is now ripe for decision.

Plaintiff commenced the instant action on January 15, 1951, by the filing of a complaint - Action to Quiet Title, seeking to quiet title to certain subsurface rights in portions of the James Strawbridge Warrants 5665 and 5667, which subsurface rights had been reserved by Thomas E. Proctor in a deed to Elk Tanning Company in 1894.[2] The complaint was accompanied by an affidavit

---

1. Although the petition itself also seeks to open the default judgment, that portion of the petition was withdrawn at argument.
2. Plaintiff contended that the subsurface rights were lost by

averring that the whereabouts and identity of some of the defendants was unknown. Based on that affidavit, the court entered an order and decree on January 15, 1951, that notice of the institution of the action and filing of the complaint be given to the individual defendants by advertisement in a newspaper of general circulation and in the Lycoming Reporter once a week for four successive weeks.[3] Such advertisement was accomplished and, none of the defendants having filed an Answer or other response, plaintiff moved for entry of judgment on March 13, 1951. A default judgment was entered by the court on March 14, 1951.

In the instant petition to strike, petitioners contend the default judgment must be stricken because a defect on the face of the record renders the entry of judgment void. Petitioners specifically attack the affidavit offered in support of the request to serve the complaint by publication.

The court agrees with petitioners that, if the affidavit was not in compliance with the Rules of Civil Procedure, it is defective on its face, rendering service improper. *See Continental Bank v. Rapp*, 485 A.2d 480 (Pa. Super. 1984)( standard for "defects" asks whether the procedures mandated by law have been followed). If service was improper, the court did not obtain personal jurisdiction over the defendants. *See Sharp v. Valley Forge Medical Center & Heart Hospital, Inc.*, 221 A.2d 185 (Pa. 1966) (jurisdiction of the court over the person of the defendant is dependent upon proper service having

___

defendants in a tax sale in 1908.

3. Personal service was made on Massachusetts General Hospital and Brinker Hunting Club.

been made). Without personal jurisdiction, the default judgment was void. *See Wall v. Wall,* 16 A. 598 (Pa. 1889) (judgment entered without jurisdiction over the person of the defendant is void). Thus, if a fatal defect in the judgment appears on the face of the record, that judgment is properly stricken. *Gee v. Caffarella,* 446 A.2d 956 (Pa. Super. 1982). *See also Jones v. Seymore,* 467 A.2d 878 (Pa. Super. 1983) (petition to strike, which does not appeal to the court's equitable powers, must be granted if the record reflects a fatal defect), and *City of Philadelphia Water Revenue Bureau v. Towanda Properties, Inc.,* 976 A.2d 1244 (Pa. Commw. 2009) (a petition to strike operates as a demurrer to the record). In this case, however, the court does not agree that the affidavit was not in compliance with the Rules of Civil Procedure.

Petitioners contend the affidavit contained two defects: (1) although plaintiff stated in its affidavit that it made a "diligent investigation," it failed to specify what actions were undertaken to locate the individual defendants, and (2) although plaintiff stated in its Affidavit that the individual defendants' whereabouts were unknown, "plaintiff did in fact have actual knowledge of the Proctor Heirs' whereabouts." Neither of these contentions supports the petition to strike, however: the first is not actually a defect, and the second does not appear from the face of the record.

In 1951, the Rule of Civil Procedure allowing for service by publication provided as follows:

(c) If a defendant is dead or his identity or whereabouts is unknown, and an affidavit to that effect is filed, the

plaintiff may serve the defendant by publication in such manner as the court by local rule or special order shall direct.

Pa.R.C.P. 1064 (Rescinded June 20, 1985, effective Jan. 1, 1986). The rule thus required only an affidavit that the defendant was dead or that his identity or whereabouts was unknown; the rule did not require a statement regarding the extent of the investigation to determine that fact. Thus, the affidavit in the instant case is not defective for lack of such a statement, and cannot support the petition to strike.

With respect to the alleged actual knowledge of the Proctor Heirs' whereabouts, Petitioners assert "plaintiff had actual knowledge of the Proctor Heirs' whereabouts because plaintiff's Action to Quiet Title listed Thomas E. Proctor's address as Boston, Massachusetts." Petitioners cite *Colavecchi v. Knarr*, 457 A.2d 111 (Pa. Super. 1983), for the proposition that "a default judgment rendered after service by publication is void when the plaintiff asserts that a defendant's whereabouts are "unknown" though the plaintiff does have actual knowledge of plaintiff's whereabouts." There, the plaintiff included the defendants' street address in the complaint and, although the sheriff was unable to personally serve the defendants at that address, the court said that fact did not convert the defendants into persons whose whereabouts were unknown. In addition to noting inclusion of the defendants' address in the complaint, the court referred to arguments in the briefs that defendants were listed in the local telephone directory and in the voter's registration records, and found that "appellee was well aware of appellants' existence and whereabouts." Id. at

p. 113. The Colavecchi Court was addressing a petition to open, however, and not a petition to strike. Matters outside the record may not be considered in ruling on a petition to strike. *See Myers v. Mooney Aircraft, Inc.,* 240 A.2d 505 (Pa. 1967)(As resolution of the question of effective service required evidence outside of the record, the Court rejected Mooney's petition to strike a default judgment.). Therefore, to determine whether plaintiff had actual knowledge of the Proctor Heirs' whereabouts, this court can consider only evidence of that fact which appears on the face of the record.

While plaintiff's complaint does allege, in Paragraph 2, that "the plaintiff believes that Thomas E. Proctor, one of the defendants, died prior to September 17, 1895, a resident of Boston, Massachusetts", and names the heirs, legatees and devisees named in Thomas E. Proctor's will, nowhere in the complaint (or in the will, which is referenced by Will Book and Page in the complaint), do any addresses for the descendants appear. The court does not accept the premise that knowledge of Thomas E. Proctor's whereabouts at the time of his death in 1895 is equivalent to knowledge of the whereabouts of his devisees and all persons claiming under or through them in 1951. Since the allegations of paragraph 2 are the only evidence that appeared of record at the time of the order for service by Publication,[4] the court cannot find that plaintiff had actual knowledge of defendants' whereabouts such as would render the affidavit defective and the judgment void.

---

4. Other evidence of the Proctor Heirs' whereabouts offered by Petitioners in their petition (the public records in Lycoming County and in Boston) was not part of the record when the request for service by publication was made. The same can be said for various allegations regarding the Proctor heirs contained in their supplemental brief.

Accordingly, petitioners are not entitled to relief. The court enters the following:

## ORDER

And now, this 2nd day of October 2014, for the foregoing reasons, the Petition to Strike is hereby denied.