J-A08038-16

2016 PA Super 101

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ESSINGTON AUTO CENTER, LLC, | : | |
| ROBERT NGUYEN, CUONG UNG, TRONG | : | |
| TRUONG, DAVIS NGUYEN, MICHAEL | : | |
| CONCILIO AND STEVE PASQUALINO, | : | |
| | : | |
| APPEAL OF: ESSINGTON AUTO CENTER, | : | |
| LLC AND ROBERT NGUYEN | : | No. 1841 EDA 2015 |

Appeal from the Order Entered May 18, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term, 2014 No. 002283

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ESSINGTON AUTO CENTER, LLC, | : | |
| ROBERT NGUYEN, CUONG UNG, TRONG | : | |
| TRUONG, DAVIS NGUYEN, MICHAEL | : | |
| CONCILIO AND STEVE PASQUALINO, | : | |
| | : | |
| APPEAL OF: DAVIS NGUYEN AND | : | |
| TRONG TRUONG | : | No. 1887 EDA 2015 |

Appeal from the Order Entered May 18, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term, 2014 No. 002283

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ESSINGTON AUTO CENTER, LLC, | : | |
| ROBERT NGUYEN, CUONG UNG, TRONG | : | |
| TRUONG, DAVIS NGUYEN, MICHAEL | : | |
| CONCILIO AND STEVE PASQUALINO, | : | |
| | : | |
| APPEAL OF: DAVIS NGUYEN | : | No. 1891 EDA 2015 |

J-A08038-16

Appeal from the Order Entered June 2, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  November Term, 2014 No. 002283

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

OPINION BY: STRASSBURGER, J.                    **FILED MAY 18, 2016**

Essington Auto Center, LLC (Essington) and Robert Nguyen (Robert) appeal from the order entered on May 18, 2015, which granted judgment on the pleadings against them and in favor of Century Surety, LLC.  Davis Nguyen (Davis) and Trong Truong (Truong) also appeal from the order entered on May 18, 2015, which granted judgment on the pleadings against them and in favor of Century Surety.  Additionally, Davis appeals from the order entered on June 2, 2015, which denied his motion for reconsideration in the nature of a motion to strike or open a default judgment.[1]  After careful review, we reverse both the May 18, 2015 order granting Century Surety's

---

[1] We are cognizant that an appeal does not lie from the denial of a motion for reconsideration. **See Erie Ins. Exch. v. Larrimore**, 987 A.2d 732, 743 (Pa. Super. 2009) ("Denial of reconsideration is not subject to appellate review.").  However, in this instance, it is clear that the motion for reconsideration was, in actuality, a petition to open or strike the default judgment; the denial of which creates an appealable order. **See Keller v. Mey**, 67 A.3d 1, 3 (Pa. Super. 2013) ("Although orders of court denying motions to strike or petitions to open default judgments are interlocutory, Pennsylvania Rule of Appellate Procedure 311 provides that '[a]n appeal may be taken as of right … from [ ] [a]n order refusing to open, vacate or strike off a judgment.'").

*Retired Senior Judge assigned to the Superior Court.

- 2 -

motion for judgment on the pleadings as to all defendants, as well as the order denying Davis' motion to open the default judgment, and remand for proceedings consistent with this opinion.

We provide the following background. Essington, located in Philadelphia, Pennsylvania, describes its business as an "auto body shop and painting with used auto sales." Complaint, 11/20/2014, at Exhibit A. Robert and Cuong Ung (Ung) are two of the officers of the company.

On August 30, 2012, Michael Concilio and Steve Pasqualino were passengers in a vehicle being driven by Davis and owned by Truong.[2] While Davis was exiting the Essington lot and pulling into traffic, he collided with a tow truck. Concilio and Pasqualino sustained injuries as a result of this accident and filed personal injury actions in the Court of Common Pleas of Philadelphia County against numerous individuals and entities, including

---

[2] Whether Davis and Truong were employees of Essington at the time of the accident appears to be a central disputed issue, in this case. In his workers' compensation case, Davis testified that he was an employee of Essington at the time of the accident and produced pay stubs and work orders to support this contention. Conversely, at a deposition in the underlying action, Davis testified that he had never been employed at Essington.

With respect to Truong, Robert informed Century Surety that Truong was an employee of Essington at the time of the accident and owned the automobile involved in the accident. However, in his brief on appeal, Truong asserts that he "was never, at any point, an employee of Essington Auto." Davis/Truong's Brief at 6.

Moreover, the complaints in the underlying cases do not make clear exactly what Concilio and Pasqualino were doing at Essington at the time they became passengers in this vehicle.

- 3 -

Davis, Essington, Ung, Robert, and Truong. All parties requested that Century Surety provide insurance coverage for this accident pursuant to a Garage Liability Policy issued by Century Surety.

The policy provides liability coverage in the following amounts for the following categories: 1) Each Accident Garage Operations Auto Only - $1,000,000; (2) Each Accident Garage Operations Other Than Auto Only - $1,000,000; and (3) Aggregate Garage Operations Other Than Auto Only - $2,000,000. Complaint, 11/20/2014, at Exhibit A. These coverage amounts apply only to accidents involving "garage operations," a term which is defined in the policy as

> the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of the coverage form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

*Id*.

On November 20, 2014, Century Surety filed a complaint in declaratory judgment against Essington, Robert, Davis, Truong, and Ung seeking a determination of its rights and responsibilities under this policy.[3]

---

[3] Concilio and Pasqualino are also defendants in this action pursuant to *Vale Chemical Company v. Hartford Accident and Indem. Co.*, 516 A.2d 684 (Pa. 1986). "In *Vale*, our Supreme Court held that the jurisdictional requirements of the Declaratory Judgments Act with respect to joinder of indispensable parties were not satisfied where the tort plaintiff was not joined in the declaratory judgment action between an insurance company and the defendant in the underlying tort action." *Titeflex Corp. v. Nat'l*

Century Surety invoked the reduced liability limits endorsement, which limits coverage for an insured driver who is under the age of 21 to the basic financial responsibility required by the state in which the accident occurs.[4] Complaint, 11/20/2014, at Exhibit A. Thus, Century Surety sought declaration that its coverage be limited to these amounts.

Century Surety was able to serve all parties except Davis with this complaint. On December 17, 2014, Attorney Andrew Riemenschneider entered his appearance on behalf of Essington and Truong. On March 11, 2015, Attorney Riemenschneider entered his appearance on behalf of Robert.

Century Surety filed a motion to permit alternate service upon Davis by posting on premises pursuant Pa.R.C.P. 430. The motion averred that service was attempted on Davis at a Chester Springs, Pennsylvania address three times in December 2014.[5] The motion further averred that a search for addresses for Davis revealed that Chester Springs address as his only address and no change of address was filed with the U.S. Postal Service.

---

*Union Fire Ins. Co. of Pittsburgh, PA*, 88 A.3d 970, 977 (Pa. Super. 2014) (internal quotation marks omitted).

[4] Davis was 20 years old at the time of the accident, which occurred in Pennsylvania, and therefore Century Surety suggested coverage was limited to $15,000 per person or $30,000 per accident.

[5] At his deposition in the underlying action, Davis testified that he resided at this Chester Springs, Pennsylvania address.

Thus, Century Surety requested service by posting on the Chester Springs property. The trial court granted the motion on January 16, 2015.

On March 19, 2015, default judgment was entered with respect to Ung.[6] On March 19, 2015, default judgment was also entered with respect to Davis.

On March 23, 2015, Robert, Truong, and Essington filed an answer to the complaint for declaratory judgment. That answer included new matter, which stated, in relevant part, that "the endorsement is inapplicable as the accident in question did not [involve] 'garage operations' as defined in the policy of insurance." Answer, 3/23/2015, at ¶ 52. They further stated that "[i]nasmuch as this accident did not involve 'garage operations', as defined by [the] policy of insurance, it is inapplicable and unenforceable and [they] should be afforded liability coverage in the amount of $1,000,000.00 which is what [they] bargained for and paid premiums consistent with this level of liability coverage." *Id*.

Century Surety filed a response to the new matter asserting that the trial court should declare that Century Surety has no obligation to defend or indemnify to Robert, Truong, or Essington for this accident because they admitted that "the accident did not result from 'garage operations.'" Reply to New Matter, 4/1/2015, at 2. Century Surety then filed a motion for

---

[6] Ung never filed an answer to the complaint, and the default judgment entered as to Ung has not been challenged.

judgment on the pleadings on the basis of this admission. In that motion, Century Surety acknowledged the following:

> The information provided to Century Surety prior to the filing of the Complaint indicated that the claim may have arisen from Essington's "garage operations." As such, in the declaratory judgment complaint, Century Surety did not seek a declaration that the policy did not provide any coverage at all for the underlying claims. However, when Essington [] admitted in their New Matter that the accident at issue did not arise from [Essington's] "garage operations", Century Surety filed a response accepting that admission and seeking a declaration of no coverage.

Motion for Judgment on the Pleadings, 4/16/2015, at n.2.

On May 18, 2015, the trial court granted Century Surety's motion for judgment on the pleadings as to all defendants, including Davis who was not involved in that motion. On May 21, 2015, Attorney John Livingood entered his appearance on behalf of Davis and Truong.[7]

Davis filed a motion for reconsideration of the May 18, 2015 order. Davis asserted that the trial court erred in permitting alternate service for Davis because Davis was a participating defendant, represented by counsel, in the underlying action and counsel was never contacted by counsel for Century Surety about the declaratory judgment action. Davis also asserted that he should not be bound by the admissions made by Essington and Robert; and therefore, the trial court should reconsider the motion for

---

[7] Initially, Attorney Reimenschneider entered his appearance in this case on Truong's behalf. On appeal, Truong is represented by Attorney Livingood only. However, the record does not show that Attorney Riemenschneider ever withdrew his appearance for Truong.

- 7 -

judgment on the pleadings as to him. Davis also requested, utilizing these aforementioned reasons, that the trial court strike or open the default judgment entered against him.

On June 2, 2015, the trial court denied Davis' motion for reconsideration in the nature of a motion to open or strike the default judgment. Robert and Essington timely appealed from the grant of the motion for judgment on the pleadings entered against them and in favor of Century Surety. Davis and Truong also appealed timely from that order. Davis also filed a notice of appeal from the denial of his petition to open default judgment.[8] The trial court did not order Pa.R.A.P. 1925(b) statements, but did author opinions in this case.

We first consider the appeal filed by Essington and Robert, who argue, *inter alia*, that the trial court erred in granting the motion for judgment on the pleadings on the basis of the purported judicial admission set forth in their answer and new matter. For example, Essington and Robert point out that Century Surety pled in their complaint that coverage was available, which is also a judicial admission, and cannot later be contradicted. Robert/Essington Brief at 10.

> We begin by noting our well-settled standard of review for judgment on the pleadings.
>
>> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed,

---

[8] On July 22, 2015, this Court *sua sponte* consolidated these three appeals.

but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

**We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.**

*Sw. Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 185 (Pa. Super. 2013) (citation omitted) []. Additionally, we note that interpretation of an insurance policy presents a pure question of law, over which our standard of review is *de novo*. *Peters v. Nat'l Interstate Ins. Co.*, 108 A.3d 38, 42 (Pa.Super. 2014) (citation omitted).

*Rourke v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 116 A.3d 87, 91 (Pa. Super. 2015) (emphasis added).

Here, the trial court concluded that its grant of motion for judgment on the pleadings in favor of Century Surety was proper because Essington, in its new matter, "specifically averred that the accident did not involve garage operations as defined by the policy at issue[]." Trial Court Opinion,

6/5/2015, at 2. We conclude that such a narrow reading of this new matter by the trial court was reversible error.

In its complaint for declaratory judgment, Century Surety stated the following:

> 11. Upon information and belief, it is alleged that at the time of the accident, Davis Nguyen was an employee of Essington Auto and was driving a vehicle owned by Trong Truong, an Essington employee on business related to Essington Auto's operations at the time of the accident.
>
> 12. The Policy provides coverage for anyone using, with Essington Auto's permission, a covered "auto" which Essington Auto hires or borrows, and also provides coverage for employees while using a covered "auto" that Essington does not own, hire, or borrow when being used in Essington's business. []
>
> 13. However, the Policy contains an endorsement that limits coverage for an insured driver under the age of 21 to the basic financial responsibility limit required by the state in which the "accident" occurs. []
>
> 17. There is a real, substantial and justiciable issue in controversy between the parties hereto with respect to the policy limit of insurance coverage for the underlying actions under the policy of insurance issued by Century Surety to Essington Auto.

Complaint, 11/20/2014.

Essington, Robert, and Truong responded to averments 11 and 17 by admitting them. They denied averments 12 and 13 because "[t]he policy of insurance is a written document which speaks for itself." Answer, 3/23/2015, at ¶¶ 12 and 13.

The new matter provided the following:

> 52. To the extent that the endorsement in question is enforceable and not contrary to public policy, the endorsement is

- 10 -

inapplicable as the accident in question did not involve[] "garage operations" as defined in the policy of insurance. By way of further answer, "garage operations" is a defined term which means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that join these locations. **Inasmuch as this accident did not involve a "garage operations," as defined by [Century Surety's] policy of insurance, it is inapplicable and unenforceable and defendants should be afforded liability coverage in the amount of $1,000,000.00 which is what the defendants bargained for and paid premiums consistent with this level of liability coverage.**

*Id*. at 5 (emphasis added).

The following summarizes the standard under which a trial court may consider a judicial admission.

> For an averment to qualify as a judicial admission, it must be a clear and unequivocal admission of fact. Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law. The fact must have been unequivocally admitted and not be merely one interpretation of the statement that is purported to be a judicial admission. *Jones v. Constantino*, [] 631 A.2d 1289, 1293–94 ([Pa. Super.] 1993) (finding no admission where "the evidence could be reasonably construed to admit of more than one meaning"). An admission is not conclusively binding when the statement is indeterminate, inconsistent, or ambiguous. *Greater Valley Terminal Corp. v. Goodman*, [] 176 A.2d 408, 410 ([Pa.] 1962); *Dible v. Vagley*, [] 612 A.2d 493, 499 ([Pa. Super.] 1992) (finding no admission in a statement in which "pronouns are burdened with ambiguous antecedents, and syntax is opaque" and that "to be an admission, a statement must at least be intelligible [and its] subject matter … readily determinable"). When there is uncertainty surrounding a conceded fact, it is the role of the judge or jury as fact finder to determine which facts have been adequately proved and which must be rejected.

*John B. Conomos, Inc. v. Sun Co. (R&M)*, 831 A.2d 696, 713 (Pa. Super. 2003) (some citations omitted).

This Court applied the above principles in **Cogley v. Duncan**, 32 A.3d 1288 (Pa. Super. 2011). In that case, the issue before the trial court was whether the complaint was filed before the statute of limitations had run. Cogley admitted that he filed the complaint on June 3, 2009, after the statute expired. However, the trial court concluded that "[b]ecause 'file' has a legal meaning, [Cogley's] 'admissions' that he 'filed' the complaint on June 3, 2009, are not binding admissions of fact." **Id**. at 1293. "Only a court may determine whether a party has filed a complaint by interpreting and applying the relevant Pennsylvania rules of civil procedure, statutes, and other legal authority." **Id**.

Similarly, a determination about whether the automobile was involved in "garage operations" is a legal conclusion, as it requires the interpretation of a contract. **See Humberston v. Chevron U.S.A., Inc.**, 75 A.3d 504, 509 (Pa. Super. 2013) ("The interpretation of any contract is a question of law."). Accordingly it is not a fact that can be admitted or denied.

Moreover, even if "garage operations" did not require a legal conclusion, the paragraph referenced above in the Essington/Robert/Truong answer and new matter is confusing and contradictory. While the first part of this paragraph, the part upon which both the trial court and Century Surety rely, does say that the accident did not involve "garage operations," the second part of the paragraph states that if the accident did not involve garage operations, the full policy limits should apply. When reading the new

matter in conjunction with the answer as a whole, it becomes apparent the statement about "garage operations" is not an unequivocal statement. Accordingly, we hold the trial court erred by deeming it a judicial admission and granting Century Surety's motion for judgment on the pleadings on this basis. Thus, we reverse the order as to all defendants.[9]

We now turn to the issues presented on appeal by Davis related to the denial of his motion for reconsideration in the nature of a motion to strike or open the default judgment. Davis argues, *inter alia*, that the trial court erred in granting Century Surety's motion for alternative service, and because of that error, Davis was not served properly, did not receive notice of the case, and the default judgment should be opened.

> [A] petition to open a judgment is an appeal to the equitable powers of the court. It is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion. Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense....

[***Mother's Restaurant, Inc. v. Krystkiewicz***, 861 A.2d 327, 336 (Pa. Super. 2004) (*en banc*)] quoting ***Cintas Corp. v. Lee's Cleaning Services, Inc.***, [] 700 A.2d 915, 918–919 ([Pa.] 1997). "We need not, however, engage in the above analysis if

---

[9] Because the trial court granted the motion for judgment on the pleadings against all parties on this basis, we need not consider the separate argument raised by Davis that the order should be reversed as to him because he should not have been bound by the purported admission of Essington, Robert, and Truong.

the party seeking to open the judgment has not received valid service or notice of the proceedings." ***Deer Park Lumber, Inc. v. C.B. Major***, [] 559 A.2d 941, 943 ([Pa. Super.] 1989); ***see also Liquid Carbonic Corp. v. Cooper & Reese, Inc.***, [] 416 A.2d 549, 551 ([Pa. Super.] 1979) (stating that "where … a defendant asserts that he was never served with the complaint and therefore had no notice of the proceedings against him, … a court must determine whether such assertion is true before considering any other factors"). If the plaintiff has failed to effectuate valid service and if the defendant lacks notice of the proceedings against him, the court has no jurisdiction over the party and is powerless to enter judgment. ***Deer Park Lumber, Inc.***, ***supra***; ***Liquid Carbonic Corp.***, ***supra***; ***see also Colavecchi v. Knarr***, [] 457 A.2d 111, 114 ([Pa. Super.] 1983). The courts "have not hesitated to open judgment and give defendants an opportunity to file answers in cases where process was not properly served." ***U.S. Dept. of Housing & Urban Development v. Dickerson***, [] 516 A.2d 749, 751 ([Pa. Super.] 1986).

***PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219, 228 (Pa. Super. 2007).

Davis argues that Century Surety did not engage in a good faith attempt to provide Davis actual notice of this lawsuit. Davis claims that even though Century Surety was aware that Attorney Livingood was representing Davis in the underlying action, it did not reach out to him to effectuate service. Davis's Brief at 13-14. While Century Surety does not respond to this argument on appeal, in the trial court it argued that it "had no duty, reason or obligation to contact [Attorney Livingood's firm] with regard to service on [Davis]." Century Surety's Response to Davis Nguyen's Petition to Strike/Open Default Judgment, 6/1/2015, at 10. Thus, it argues that because the motion for alternative service satisfied the requirements of

- 14 -

Pa.R.C.P. 430, the trial court's decision not to open the judgment should stand.

"[W]e must first determine whether the court-ordered substitute service used in this case was valid so as to empower the court to render its judgment." ***Deer Park Lumber, Inc.***, 559 A.2d at 943. In considering whether substitute service was adequate, we are cognizant that "[d]ue process, reduced to its most elemental component, requires notice." ***PNC Bank***, 929 A.2d at 230 (quoting ***Romeo v. Looks***, 535 A.2d 1101, 1105 (Pa. Super. 1987) (*en banc*)). "The adequacy of this notice, as applied to substituted service, depends upon whether it is **reasonably calculated to give the party actual notice** of the pending litigation and an opportunity to be heard." ***Id*** (emphasis added; internal quotation marks omitted).

Here, Century Surety knew that Attorney Livingood was representing Davis.[10] Nevertheless, it did not reach out to him. Furthermore, Century Surety stated to the trial court that it "conducted a thorough search for the whereabouts of Davis[.]" Memorandum in Support of Petition for Alternative Service, 12/17/2014, at 3. That statement cannot be true where it also acknowledges that it did not reach out to Attorney Livingood. Based on the foregoing, we hold that Century Surety did not engage in a good faith

_____

[10] The record is clear that Century Surety knew that Davis was represented by Attorney Livingood in the underlying action. In its November 24, 2014 complaint in this case, Century Surety attached the deposition of Davis in the underlying action. Complaint, 11/24/2014, at Exhibit B. That deposition lists Attorney Livingood as Davis' counsel.

attempt to provide Davis actual notice, and therefore, the trial court erred in failing to open the judgment. **See *Deer Park Lumber, Inc.***, 559 A.2d at 946.

Order granting Century Surety's motion for judgment on the pleadings reversed. Order denying Davis' petition to open judgment reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/18/2016