J-A25025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN W. LISTER AND LISA R. LISTER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WHITE LABEL COMMUNICATIONS, LLC. | : | |
| | : | No. 1065 EDA 2017 |
| Appellant | : | |

Appeal from the Order Entered March 2, 2017
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2016-10927-JD

BEFORE:   OTT, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 20, 2018**

White Label Communications, LLC (White Label) appeals from the order entered on March 2, 2017, in the Court of Common Pleas of Chester County, denying White Label's petition to open or strike the confessed judgment taken by John W. and Lisa R. Lister (Listers).  Specifically, White Label claims the trial court erred in granting the petition without first issuing a rule to show cause regarding the petition, pursuant to Pa.R.C.P. 2959(b).  After a thorough review of the submissions by the parties, relevant law, and the certified record, we reverse and remand for the issuance of a rule to show cause on White Label's petition, thereby allowing the development of evidence as contemplated by rule.

_____

* Former Justice specially assigned to the Superior Court.

We recite the procedural history of this matter as related by the trial court in its Pa.R.A.P. 1925(a) opinion.

On November 17, 2016 [Listers] filed their Complaint in Confession of Judgment based upon a confession of judgment clause in paragraph 27.d of a Lease Agreement executed by Plaintiff John W. Lister and Thomas R. Joseph on behalf of [White Label]. On the same day, an Affidavit of Service of Notice of Defendant's Rights, Confession of Judgment and Complaint was docketed. [White Label] filed its petition to Open or Strike Confession of Judgment on December 16, 2016 and [Listers] filed their response on January 5, 2017. As stated above, we denied [White Label's] Petition by Order dated March 2, 2017.

Trial Court Opinion, 5/15/2017, at 1.

We glean the facts underlying this action from the certified record. Listers and White Label entered into a lease agreement for 2,400 square feet of space at 1450 Boot Road, Site 400D, West Chester, Pennsylvania. Complaint, Plaintiffs Exhibit 1, Lease, ¶¶ 1, 2. The term of the lease was for three (3) years, commencing on October 1, 2013 and terminating September 30, 2016. *Id*. at ¶ 2, Complaint at ¶ 12. The Lease also contained an early termination clause at ¶ 6.d that stated:

6. Term

***

d. Early Termination

i. Tenant may terminate this lease upon a minimum 120 day written notice to landlord. Lease termination will take place at the end of the calendar month following 120 days from notice.

ii. In the event tenant elects to terminate early, Tenant will compensate Landlord "Early Termination Rent." Early

- 2 -

> Termination rent shall be equal to 50% of the rent due under the terms of the lease from the date of early termination to the end of the lease term.
>
> iii. Early termination rent will be due 30 days prior to termination.

Complaint, Plaintiffs Exhibit 1, at ¶ 6.d (i)-(iii).

Listers claimed that White Label vacated the property on or about March 30, 2016 and failed to pay rent for April, 2016 – September, 2016, representing the final six months of the lease term. *Id.* at ¶ 12. Other than in the Lease itself, Listers' Complaint makes no mention of the early termination clause, or any alleged attempt by White Label to invoke that clause. Pursuant to Paragraph 27.d of the Lease, Listers sought a confessed judgment in the amount of $25,885.81. Judgment in that amount was docketed on November 17, 2016.

On December 16, 2016, White Label filed a timely Petition to Open or Strike the Confessed Judgment, claiming it had invoked the early termination clause and had tendered $8,275.02, which represented the full 50% of the remaining rent due, as required by the Lease. Along with the petition, White Label also filed a Praecipe for Determination, asking for a Rule to Show Cause why said petition should not be granted. As noted above, Listers filed their answer to the petition on January 5, 2017 and the trial court denied White Label's petition, without a hearing, on March 2, 2017. White Label filed this timely appeal.

Initially, we note,

> [A] petition to open a judgment is an appeal to the equitable powers of the court. It is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion. Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense.

*Century Surety Co. v. Essington Auto Center, LLC*, 140 A.3d 46, 53 (Pa. Super. 2016) (citation omitted).

Further,

> A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review.

*Madrid v. Alpine Mountain Corp.*, 24 A.3d 380, 382 (Pa. Super. 2011) (citation omitted).

Relevant to this matter, Pa.R.C.P. 2959(b) states:

> If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule or by special order.

Pa.R.C.P. 2959(b).

The disposition of the rule is governed by Rule 2959(e), which states:

> The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

Pa.R.C.P. 2959(e).

Pursuant to Rule 2959(b), if the defendant's petition to open the judgment states prima facie grounds for relief, then the trial court shall issue a rule to show cause. If grounds are so stated, evidence of record is to be developed and a hearing, if necessary, will be held. Here, the petition was filed in a timely manner and it presented a *prima facie* meritorious defense, namely, that White Label had provided Listers with notice of its intent to exercise the early termination clause and that it had paid the required sum. The trial court prematurely based its decision on Listers' answer to the Petition, by not allowing White Label the opportunity to test Listers' claims and to present its own evidence in support of its Petition.

We note that Listers have also argued that White Label failed to follow the local rules in seeking the rule to show cause, specifically, they claim White Label was required to submit the rule to show cause to the court administrator for "'per curiam signature' in accordance with C.C.R.C.P. 206.4(c)(1)." Appellee's Brief at 8. Instead, Listers argue, White Label submitted a praecipe for determination seeking the issuance of a "per curiam rule to show cause." *Id*. The trial court did not dispose of this matter based on any alleged failure to follow the local rules, so we will not address this argument. Nonetheless, our review of the certified record indicates White Label sought submission of "the Rule to Show Cause attached to the Petition to Open or Strike Confession of Judgment to the Court Administrator for Per Curiam signature pursuant to Local Rule 206.4(c)(1)." ***See*** White Label's Praecipe for Determination, 12/16/2016.

In light of the foregoing, we vacate the order denying White Label's petition to open or strike the confession of judgment, and remand for the issuance of a rule to show cause, forthwith, allowing for the development of evidence as contemplated by Pa.R.C.P. 2959.

Order vacated. This matter is remanded for further action consistent with this decision. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/20/2018*