J-A23024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MONTOUR HEIGHTS COUNTRY CLUB, A PENNSYLVANIA NON-PROFIT CORPORATION | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| MICHAEL P. CARVELLI AND JODY L. CRISSMAN, ADULT INDIVIDUALS | : : : | No. 344 WDA 2018 |
| Appellants | : | |

Appeal from the Judgment Entered February 12, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. AR-16-005210

BEFORE:  BOWES, J., SHOGAN, J., and STABILE, J.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 21, 2018**

This is an appeal from the grant of judgment on the pleadings in favor of Plaintiff-Appellee, Montour Heights Country Club ("Montour"), in a collection action against Appellants Michael P. Carvelli and Jody L. Crissman.  We affirm.

The factual and procedural history is as follows:  Appellant Carvelli applied for membership to Montour on May 19, 2016, and he completed a Significant Other Registration Form naming Appellant Crissman as a significant other.  Complaint, 12/7/16, at ¶ 4.  Montour filed a complaint against Appellants on December 7, 2016, alleging breach of contract by Appellant Carvelli and unjust enrichment by Appellant Crissman.  *Id.*, at counts I and II.  Appellants filed a counseled answer on January 31, 2017.  On February 13,

2017, all parties allegedly entered into a Settlement Agreement,[1] and on March 2, 2017, they signed and filed a Praecipe to Settle and Discontinue the case without prejudice, thereby canceling the arbitration hearing scheduled for April 4, 2017. Praecipe to Settle and Discontinue, 3/2/17.

Montour filed a First Amended Complaint on April 26, 2017, which included counts for breach of contract against Appellant Carvelli and unjust enrichment against Appellant Crissman, and demanded the sum of $9,952.29 plus finance charges accruing at the rate of two percent per month. First Amended Complaint, 4/26/17. On May 4, 2017, the trial court entered an order permitting Appellants' counsel to withdraw. Appellants filed a *pro se* answer on June 16, 2017. Montour then filed a *praecipe* for an arbitration hearing on July 19, 2017. The hearing was held on December 6, 2017, at which Appellants appeared *pro se*. The arbitration panel entered an award 1) in Montour's favor "against only [Appellant] Michael P. Carvelli" in the amount of $11,372.15, and 2) in Appellant Crissman's favor "as to Plaintiff's claims."

---

[1] The Settlement Agreement is not docketed as filed and was not attached to the Praecipe to Settle and Discontinue filed in this case on March 2, 2017. Thus, it was not part of the pleadings before the trial court. Appellants included the Settlement Agreement as an attachment to their Motion for Reconsideration and Brief in Support, filed more than one year later, on March 12, 2018. We discuss the significance of this failing *infra*.

Arbitration Award, 12/6/17.  On December 29, 2017, Appellant Carvelli filed an appeal to the Allegheny County Common Pleas Court.[2]

On January 24, 2018, Montour filed a Motion for Judgment on the Pleadings.  By order filed on February 12, 2018, the trial court granted the Motion for Judgment on the Pleadings and entered judgment in favor of Montour and against Appellants, "jointly and severally, in the amount of $11,226.48, plus interest until collected and all costs of suit."  Order, 2/12/18.

Appellants, by new counsel, filed a notice of appeal to this Court on March 7, 2018.  Appellants also filed a Motion for Reconsideration and Brief in Support on March 12, 2018.[3]  Montour filed an answer, and the trial court

_____

[2]  Although Appellant Crissman was not an aggrieved party who would have appealed the Arbitration Award, the award in her favor was appealable by Montour.  Pa.R.C.P. 1309 provides, "An appeal by any party shall be deemed an appeal by all parties as to all issues unless otherwise stipulated in writing by all parties."  There was no such stipulation in this case; thus, the appeal by Appellant Carvelli sufficed as an appeal by Montour, as well.

[3]  Pa.R.A.P. 1701 provides as follows:

> **a) General rule**.  Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.
>
> **(b) Authority of a trial court or agency after appeal.**  After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> * * *

denied the motion for reconsideration on April 2, 2018. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following issues on appeal:

[1.] Whether the Praecipe to Settle and Discontinue Without Prejudice prevented a continuance or revival of the action discontinued and the filing of the Amended Complaint a nullity?

[2.] Whether the Amended Complaint was void as it was not filed with the consent of all parties or with leave of court?

[3.] Did the lower court err as a matter of law in finding against Appellant Jody L. Crissman a claim for unjust enrichment and/or violation of a written contract?

Appellants' Brief at 6.

_____

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law;

* * *

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. . . .

Pa.R.A.P. 1701. Thus, because the trial court did not grant reconsideration, the appeal progressed in timely fashion; for our purposes, the reconsideration proceedings did not impact the appeal. In addition, 42 Pa.C.S. § 5505, which provides, "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed," also is not applicable, as it would have been if the trial court had granted reconsideration within thirty days.

We examine the requirements of entry of judgment on the pleadings. Entry of judgment on the pleadings is permitted under Pa.R.C.P. 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). Moreover:

> A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact[,] and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

*Rourke v. PA Nat'l Mutual*, 116 A.3d 87, 91 (Pa. Super. 2015). Furthermore, "[w]e will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise." *Century Sur Co. v. Essington*, 140 A.3d 46, 51 (Pa. Super. 2016).

We address Appellants' first two issues in tandem. Appellants assert that because all parties signed a Praecipe to Settle and Discontinue without prejudice on March 2, 2017, based upon the Settlement Agreement the parties' signed, Montour should not have filed an amended complaint because a discontinuance is the exclusive voluntary termination of an action. Appellants' Brief at 11 (citing Pa.R.C.P. 229). Thus, they maintain that there

no longer existed an action pending before the trial court. Appellants' Brief at 12. Appellants contend that by discontinuing its action before the filing of the amended complaint, the trial court lacked jurisdiction "to hear the issues set forth in the amended complaint." *Id*. at 13. Appellants' argue that "[t]his [C]ourt cannot remand the matter back to the trial court for further proceedings as there is no action in the trial court." *Id.*

Appellants continue their attack on the propriety of the First Amended Complaint in their second issue, asserting that it was filed without the "request and consent either of the other parties or the court." Appellants' Brief at 15. They contend this action "flies in the face of the clear statement" of Pa.R.C.P. 1033, which provides that "[a] party either by filed consent of the adverse party or by leave of court may . . . amend the pleading." Appellants' Brief at 14–15. Appellants reiterate that Montour did not request consent from either Appellants or the court before filing the amended complaint. *Id.* at 15. Appellants complain that "only eight[] days after the filing of the amended complaint" they were without counsel, as prior counsel sought and obtained leave of court to withdraw.[4] *Id.* at 16. Thus, Appellants filed their answer *pro se.*

We consider the basis of the trial court's grant of judgment on the pleadings and its implication for Appellant's first two issues on appeal.

_____

[4] Appellants had counsel when they entered into the Settlement Agreement. Settlement Agreement, 2/13/17; Praecipe to Settle and Discontinue, 3/2/17.

Appellants' answer to Montour's First Amended Complaint indicates, in its entirety, as follows:

> [Appellants], Michael P. Carvelli and Jody L. Crissman make[] this their answer to the complaint filed by [Montour] and set[] forth the following:
>
> 1–12–Denied
>
> 1- Denied
> 2- Denied
> 3- Denied
> 4- Denied
> 5- Denied
> 6- Denied
> 7- Denied
> 8- Denied
> 9- Denied
> 10- Denied
> 11- Denied
> 12- Denied

Answer, 6/16/17. In light of the pleadings before it, the trial court noted the following:

> I granted [Montour's] Motion for Judgment on the Pleadings based upon the fact that [Appellants] did not sufficiently respond to [Montour's] [First] Amended Complaint, as [Appellants'] Answer merely contained twelve number[ed] paragraphs, each containing only the word "denied." *See* Pa.R.C.P. 1029(b) ("Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. **A general denial** or a demand for proof, except as provided in subdivisions (c) and (e) of this rule, **shall have the effect of an admission**").[5]  Since [Appellants'] general denials have the

_____

5  Neither subdivision (c) ("A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial"), nor

effect of admissions, judgment was properly entered in favor of [Montour]. To the extent that [Appellants] argue I abused my discretion by not allowing them to amend their Answer when they requested to do so at argument, while I have no specific recollection of such a request being made, assuming that such a request was made, [Appellants] did not make such a request through a proper motion (*i.e.* a written motion with notice to the opposing party, and importantly attaching the proposed amended answer) at the time, and did not file a proper motion at any time after argument through the time of their appeal.

All other defenses to Judgment on the Pleadings that [Appellants] argued in their Motion for Reconsideration were waived by [Appellants'] Answer to the Amended Complaint. *See* Pa.R.C.P. 1032(a) ("A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply...").

Trial Court Opinion, 4/18/18, at 2–3 (emphases added).

Appellants' first two issues both assume that the Settlement Agreement, on which the Praecipe to Discontinue was based, was before the trial court. It was not. Its absence from the pleadings, in the record before the trial court, is fatal to Appellants' case. Because Appellants' general denials had the effect of admissions pursuant to Pa.R.C.P. 1029(b), we agree that the trial court properly granted judgment on the pleadings.

In addition, Appellants never filed preliminary objections assailing the sufficiency of the First Amended Complaint. *See* Pa.R.C.P. 1028(a)(3), (4) (Preliminary objections may be filed to challenge "insufficient specificity in a pleading" and "legal insufficiency of a pleading"); ***In re Adoption of S.P.T.***,

_____

subdivision (e) ("In an action seeking monetary relief for bodily injury, death or property damage . . . .") is applicable to this case.

783 A.2d 779 (Pa. Super. 2001) (Preliminary objections are the appropriate method by which to challenge allegations raised as a basis for relief); Pa.R.C.P. 1032(a)[6] ("A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply . . . .").

As Appellants have not asserted a sufficient claim regarding the trial court's reasoning in granting the judgment, Appellants' Brief at 1–17, and we find no abuse of discretion by the trial court, we agree that the trial court did not err.[7]

Appellants' third issue, as identified in the argument section of their brief, asserts that the trial court erred in awarding Montour attorney's fees against Appellant Crissman. Appellants' Brief at 16. Careful examination of Appellants' brief, however, reveals that there is no argument regarding attorney's fees. Appellants' Brief at 16–17. This Court will not consider an argument that has been abandoned and is undeveloped. *See Koller Concrete, Inc. v. Tube*

---

[6]  Appellants' vagueness allegation is not one of the exceptions to the applicability of waiver by Rule 1032. Pa.R.C.P. 1032(a).

[7]  To the extent Appellants' issues rely upon the alleged Settlement Agreement the parties purportedly entered into in February of 2017, before Montour filed the First Amended Complaint on April 26, 2017, the claims are waived. As noted *supra*, such Settlement Agreement was not filed in the trial court. Indeed, the only place the agreement exists in the certified record before us is attached to Appellants' Motion for Reconsideration and Brief in Support filed on March 12, 2018, **after** the trial court had granted Judgment on the Pleadings. Thus, there is no indication the trial court was even aware of such an agreement, nor was it referenced in any pleading before the trial court when it granted the judgment on the pleadings.

*City IMS, LLC*, 115 A.3d 312, 320 321 (Pa. Super. 2015) (Superior Court will not address issue presented in the statement of questions involved where no corresponding analysis is included in the brief); *Lechowicz v. Moser*, 164 A.3d 1271, 1276 (Pa. Super. 2017) (Superior Court will not consider argument that is not properly developed). Instead, Appellants maintain in the argument section of their brief that the amended complaint at paragraph fourteen is "vague and unclear" as to the cause of action against Appellant Crissman. Appellants' Brief at 16. As discussed *supra*, this issue is waived pursuant to Pa.R.C.P. 1032(a).

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/21/2018