516 A.2d 749

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

v.

**James & Edna DICKERSON, Appellants.**

Superior Court of Pennsylvania.

Submitted June 24, 1986.

Filed Oct. 22, 1986.

24

Joyce S. Wilkerson, Philadelphia, for appellants.

Jerome M. Feinberg, Philadelphia, for appellee.

Before OLSZEWSKI, HOFFMAN and ROBERTS, JJ.

HOFFMAN, Judge:

This is an appeal from the order below denying appellants' petition to strike or open a default judgment. Appellants contend that the trial court abused its discretion in refusing to open the default judgment. We agree and, accordingly, reverse the order below and remand for proceedings consistent with this opinion.

On April 4, 1985, the United States Department of Housing and Urban Development (HUD), appellee, filed a Landlord and Tenant eviction complaint against appellants in Philadelphia Municipal Court. In the complaint, HUD sought a judgment for possession of the premises, alleging that (1) appellants were in wrongful possession of HUD property as a result of a failure to pay rent, and (2) appellants' oral lease was to expire on April 19, 1985. A hearing was set for April 19, 1985, and the complaint was posted on the subject premises on April 16, 1985. When appellants did not attend the April 19 hearing, a judgment for possession by default was entered against them. Pursuant to the default judgment, a municipal court writ was served on appellants on May 10, 1985, giving them fifteen days to vacate the premises. When appellants failed to vacate, a second writ was issued and appellants were physically evicted from the premises on June 5, 1985. On June 7, 1985, appellants filed a petition to strike or open the judgment. The Municipal Court denied this petition on July 2, 1985.[1] Appellants appealed this decision to the Court of

---

1. The municipal court denied the petition on grounds of mootness. Appellee renews this argument on appeal, contending that because appellants had been evicted from the premises pursuant to the default judgment, the judgment has been fully executed and the case is moot. Brief for Appellee at 7. We disagree. A fully executed judgment may be attacked if there was fraud or a lack of authority in the person executing the judgment. *See Garrison v. Erb,* 424 Pa. 306, 309, 227

Common Pleas. Their appeal was denied by order and opinion dated August 28, 1985. This appeal followed.

Appellants contend that the common pleas court abused its discretion in refusing to open the default judgment. In support of this contention, appellants argue that notice of the complaint and hearing was not served in conformity with local municipal court rules. We agree.

A petition to open a judgment is an appeal to the court's equitable powers and the disposition of the petition will not be disturbed on appeal absent a mistake of law or a clear abuse of discretion. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 498, 305 A.2d 698, 700 (1973); *Penneys v. Richard Kastner Co.*, 297 Pa.Superior Ct. 167, 169, 443 A.2d 353, 354 (1982). Ordinarily, three factors should be considered and must coalesce before a default judgment can be opened: "(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." *McCoy v. Public Acceptance Corp., supra* 451 Pa. at 498, 305 A.2d at 700. If, however, the party seeking to open the judgment has not received valid service and has no notice of the proceedings, the court has no jurisdiction over the party and is without power to enter a judgment against him. *Liquid Carbonic Corp. v. Cooper & Reese*, 272 Pa.Superior Ct. 462, 466, 416 A.2d 549, 551 (1979). "We have not hesitated to open judgments and give defendants an opportunity to file answers in cases where process was not properly served." *Id.*, 272 Pa.Superior Ct. at 466–67, 416 A.2d at 551. *See also Taylor v. Humble Oil & Refining Co.*, 221 Pa.Superior Ct. 394, 398, 292 A.2d 481, 483 (1972) (where improper

A.2d 848, 849 (1967) (once property delivered after sheriff's sale held pursuant to court order, only attacks on judgment possible are fraud or lack of authority to make sale). Here, we hold that appellants were not properly notified of the proceedings against them and thus the municipal court lacked jurisdiction over them. *See infra* pp. 26–28. Because the court lacked jurisdiction, it follows that there was no authority to execute the judgment and thus an attack on the judgment is not barred and the case is not rendered moot. Moreover, we note that the common pleas court neither addressed the question of mootness nor based its decision on the petition being moot.

service, party normally not subject to jurisdiction of court). Accordingly, we must inquire into the accuracy of appellants' contention that they were improperly served. *Liquid Carbonic Corp. v. Cooper & Reese, supra* 272 Pa.Super. at 467, 416 A.2d at 551.

▪ The record makes plain that the default judgment entered here did not comply with the governing procedural rules of the Philadelphia Municipal Court. Rule 120(c), in effect at the time this action was instituted, provided that:

> If the claimant appears and defendant does not, and damages are proven in accordance with Rule 121 [relating to conduct of trial and evidence], judgment by default shall be entered for claimant, *provided service was made at least twenty (20) days prior to trial. All other claims shall be continued to a date certain.*

Phila.M.C.R.Civ.P. No. 120(c) (1985) (emphasis added).[2] The uncontradicted evidence in the record reflects that this action commenced with the filing of a complaint on April 4, 1985. A hearing was held, and a default judgment was entered against appellants on April 19, 1985, fifteen days later. The only evidence of record indicating that appellants had notice of the hearing is a copy of the writ server's return which shows that a copy of the complaint was posted on the subject premises on April 16, 1985, three days before the default judgment was entered.[3] Because appellants did not receive the mandatory twenty day notice, the municipal court, pursuant to Rule 120(c), should not have entered a default judgment. In these circumstances, we conclude that appellants were not properly served with notice of this action and the municipal court thus did not obtain the

---

2. This version of the rule remained in effect until November 25, 1985, when it was amended to require that service be made at least seven days prior to trial. *See* Phila.M.C.R.Civ.P. No. 120(c) (1986).

3. Appellee contends, and the lower court notes that, in addition to the posting of the complaint on the premises, Municipal Court "mails notice of all hearing dates and judgments." Lower Court Opinion at 2. We find no evidence of record indicating that the municipal court mailed notice to these appellants. Moreover, even if the municipal court did mail notice, it could not have been timely under the twenty day requirement of Rule 120(c), because the complaint was filed only fifteen days before the hearing was held.

personal jurisdiction requisite for entry of a judgment against appellants. *See Neff v. Tribune Printing Co.*, 421 Pa. 122, 124, 218 A.2d 756, 757 (1966) (rules regarding service of process must be strictly followed and jurisdiction of court over person of party is dependent on proper service being made); *Keystone Wire & Iron Works v. Van Cor*, 245 Pa.Superior Ct. 537, 541, 369 A.2d 758, 760 (1982) (service of process in accordance with rules of civil procedure is essential to jurisdiction of court over person). *See also Mischenko v. Gowton*, 307 Pa.Superior Ct. 426, 432, 453 A.2d 658, 660 (1982) (action taken by court without jurisdiction is nullity). Accordingly, we find that the common pleas court should have opened the default judgment and allowed appellants to file an answer to the complaint and its failure to do so constituted an abuse of discretion.[4]

For the above-stated reasons, we reverse the order of the court below and remand for proceedings consistent with this opinion. Jurisdiction is relinquished.

Reversed and remanded.

---

**4.** Appellants also contend that (1) their petition was timely, (2) they had a meritorious defense to the underlying complaint, and (3) the lower court should have granted their petition to strike the default judgment because there was no landlord-tenant relationship between the parties and thus the municipal court had no jurisdiction to hear the claim. Because of our disposition of this case, we need not reach these issues.