559 A.2d 941

**DEER PARK LUMBER, INC., Appellee,**

v.

**C.B. MAJOR and Eunice Major, his Wife, their Heirs, Successors, Assigns, and all Persons, Firms, or Associations Claiming Right, Title or Interest from or under Them, Generally, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1989.

Filed June 8, 1989.

626

James R. Anzalone, Wilkes–Barre, for appellants.

Helen R. Vanston, Tunkhannock, for appellee.

Before BROSKY, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order entered by the Court of Common Pleas of Wyoming County denying appellants' petition to open judgment. On appeal, appellants argue that the trial court erred by ordering service of appellee's complaint by publication. Additionally, appellants claim that the trial court abused its discretion in denying their petition to open judgment on the basis that the petition was untimely. For the following reasons, we reverse.

On July 21, 1987, appellee instituted an action to quiet title to a parcel of real estate situated in Noxen Township, Wyoming County. On that same date, the trial court issued an order directing that service of the complaint be made by publication based upon an affidavit filed by Ronald Andrews, president of appellee, alleging that appellants were dead or, if living, their whereabouts were unknown. On August 21, 1987, the trial court directed that judgment by default be entered against appellants for failure to respond to the complaint, and further ordered that final judgment would be entered unless appellants brought an action in ejectment within thirty days. On September 24, 1987, after appellants failed to respond within the allotted time, judgment was entered in favor of appellee and against appellants, granting title to the parcel of land in the name of appellee.

On March 3, 1988, appellants filed a petition to open the default judgment. Pursuant to rule to show cause, the trial court ordered that depositions be taken and that a hearing be scheduled. After consideration of the testimony and facts presented, the trial court, by order dated August 10,

1988, denied appellants petition to open judgment. Appellants then filed the instant appeal.

■ Appellants first argue that the trial court erred in its determination that service by publication was proper. Appellants point to Rule 430(a) of the Pennsylvania Rules of Civil Procedure and stress that before service by publication is authorized, the plaintiff must state in an affidavit the reasons why personal service cannot be made as well as the nature and extent of the investigation utilized to determine the whereabouts of potential defendants. In the present case, appellants claim that the affidavit in support of service was defective on its face in that it failed to state the investigation undertaken to determine the whereabouts of any potential heirs to the property in question.[1] According to appellants, such a defect renders the method of service invalid. We agree.

■ A petition to open a default judgment is an appeal to the court's equitable powers, and the trial court's disposition of the petition will not be disturbed absent an error of law or a manifest abuse of discretion. *Romeo v. Looks,* 369 Pa.Super. 608, 535 A.2d 1101 (1987), *allocatur denied,* 518 Pa. 641, 542 A.2d 1370 (1988); *U.S. Dept. of Housing v. Dickerson,* 358 Pa.Super. 23, 516 A.2d 749 (1986). In deciding whether to open the judgment, three factors

---

1. We note that appellants' claim goes to the facial validity of the judgment. Ordinarily, in order to attack a judgment on the basis that it is facially invalid, the proper procedure is to file a petition to strike, not open, judgment. *See Fierst v. Commonwealth Land Title Insurance Company,* 369 Pa.Super. 355, 535 A.2d 196 (1987), *allocatur denied,* 549 A.2d 135 (1988); *Continental Bank v. Rapp,* 336 Pa.Super. 160, 485 A.2d 480 (1984); *Liquid Carbonic Corp. v. Cooper & Reese,* 272 Pa.Super. 462, 416 A.2d 549 (1979). In its brief, appellee stresses this point and argues that appellants are precluded from challenging the validity of the affidavit of service. We disagree. While it is true that appellants' petition directed the court to *open* rather than *strike* the judgment, it is one of appellants' contentions that this defective service resulted in a lack of actual or constructive notice of the instant action. We are also aware that if appellants' allegations are correct, the trial court was without power to enter judgment. Both circumstances form a proper basis for a petition to open judgment. *U.S. Dept. of Housing v. Dickerson,* 358 Pa.Super. 23, 516 A.2d 749 (1986); *Liquid Carbonic Corp. v. Cooper & Reese, supra.*

should be considered and must coalesce: (1) the petition to open must be promptly filed; (2) the failure to enter an appearance or file a timely answer must be excused; and (3) the party seeking to open the judgment must exhibit a meritorious defense. *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Romeo v. Looks, supra; U.S. Dept. of Housing v. Dickerson, supra.*

■ We need not, however, engage in the above analysis if the party seeking to open the judgment has not received valid service or notice of the proceedings. Under those particular circumstances, the court has no jurisdiction over the party and is powerless to enter judgment. *See Rubin v. Nowak*, 367 Pa.Super. 629, 533 A.2d 451 (1987); *U.S. Dept. of Housing v. Dickerson, supra; Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 272 Pa.Super. 462, 416 A.2d 549 (1979); *Johnson v. Atlas Van Lines*, 274 Pa.Super. 253, 418 A.2d 392 (1980). Thus, we need first determine whether the court-ordered substituted service used in this case was valid so as to empower the court to render its judgment.

Rule 410 of our rules of civil procedure provides in pertinent part:

**Rule 410.  Real Property Actions**

(a) In actions involving title to, interest in, possession of, or charges or liens upon real property, original process shall be served upon the defendant in the manner provided by Rule 400 et seq.

\*　　\*　　\*　　\*　　\*　　\*

(c) If service is made pursuant to an order of court under Rule 430(a), the court shall direct one or more of the following methods of service:

(1) publication as provided by Rule 430(b) ...

Pa.R.C.P., Rule 410, 42 Pa.C.S.A.

Turning to Rule 430, we find the following in pertinent part:

**Rule 430.   Service Pursuant to Special Order of Court. Publication**

(a) If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service.   The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

(b)(1) If service of process by publication has been authorized by rule of civil procedure or order of court, the publication shall be by advertising a notice of the action once in the legal publication, if any, designated by the court for the publication of legal notices and in one newspaper of general circulation within the county.   The publication shall contain the caption of the action and the names of the parties, state the nature of the action and conclude with a notice....

(2) When service is made by publication upon the heirs and assigns of a named former owner or party in interest, the court may permit publication against the heirs or assigns generally if it is set forth in the complaint or an affidavit that they are unknown.

Pa.R.C.P., Rule 430, 42 Pa.C.S.A.

Our investigation of these recent statutes, which were adopted on June 20, 1985, and which have been in effect since January 1, 1986, has failed to provide us with any appellate decision construing their contents.   Therefore, it is necessary for this Court to provide an interpretation before we can proceed with appellants' arguments.   When faced with such a task, our duty is to ascertain and effectuate the intention of the legislature.   *Estate of Osborne,* 363 Pa.Super. 200, 525 A.2d 788 (1987).   In so doing we are guided by the provisions of the Statutory Construction Act, 1 Pa.C.S.A. § 1901 *et seq.*   Under this Act we are mindful to follow the letter, and not the spirit, of the law when the wording of the statute in question is clear and free from ambiguity.   *Mowery v. Prudential Property & Casualty*

*Insurance Co.,* 369 Pa.Super. 494, 535 A.2d 658 (1988); 1 Pa.C.S.A. § 1921(b).

As set forth above, Rules 410 and 430 are clear on their face. Rule 410 provides the general service provisions for actions regarding real property. Where service cannot be made under these provisions, for example, where a defendant cannot be located, a plaintiff may move the court for a special order directing the manner of service pursuant to Rule 430(a). Under this approach, a plaintiff must provide, along with the motion, an affidavit stating the nature and extent of the investigation undertaken to locate the defendant. The purpose of this procedure is to provide proof that a good faith effort has been made to effect service under normal methods. Only after such proof has been offered is the court authorized to direct publication or another method of substitute service.

In the case at bar, appellee did not file a motion requesting that service be accomplished by publication. Rather, appellee filed an affidavit along with its complaint stating that the whereabouts of appellants were unknown. This affidavit, drafted pursuant to former Rule 1064(c), failed to provide any indication of the types of procedures used to locate C.B. or Eunice Major or any of the appellants herein.[2] Nevertheless, the trial court, without inquiring into the investigation undertaken to establish the whereabouts of any potential defendants, ordered service by publication.

**2.** Former Rule 1064, rescinded June 20, 1985, effective January 1, 1986 was replaced by Rule 410. It provided in pertinent part:

**Rule 1064. Service**

\* \* \* \* \* \*

(c) If a defendant is dead or his identity or whereabouts is unknown, and an affidavit to that effect is filed, the plaintiff may serve the defendant by publication in such manner as the court by local rule or special order shall direct. When service is made by publication, the court, upon affidavit that the heirs and assigns of a named former owner are unknown, may permit publication against the former owner and his heirs and assigns generally.

Pa.R.C.P., Rule 1064, 42 Pa.C.S.A. (rescinded). Apparently it was the practice under this rule to merely file an affidavit stating that the whereabouts of the defendant were unknown. *See e.g., Colavecchi v. Knarr,* 311 Pa.Super. 58, 457 A.2d 111 (1983). Unfortunately for appellee, this rule had been without effect for over one and one-half years prior to commencement of this action.

This was clearly error. Service by publication is the exception, not the rule, and can only be ordered provided the requirements of Rule 430(a) have been met. In this case, the record reveals that they have not.

Both the trial court and appellee argue that the proper procedure has been followed in this case. They claim that Rule 430(b)(2) authorizes a plaintiff to effectuate service of process by publication without compliance to the provisions of Rule 430(a). In short, it is posited that Rule 430 is comprised of two separate and distinct rules: section (a) and (b)(1), which require a motion and affidavit outlining the specific steps taken to locate a defendant before publication is authorized; and section (b)(2), which allows a plaintiff to proceed by publication merely by filing an affidavit along with the complaint that the whereabouts any potential defendants are unknown. We are compelled to disagree. As we interpret Rule 430, in order to avail oneself of the publication provisions outlined in section (b), the requirements of section (a) must first be met. We, therefore, reject appellee's argument.

■ It is also argued by appellee that the investigation undertaken to locate the appellants, while not actually placed in its affidavit, was nevertheless sufficient under the rules to allow for service by publication. Appellee points to the testimony of Wayne Divis, a forester for appellee, and the deposition of Sally Ann Steele, the attorney for appellee at the time this action was commenced. A review of their respective testimonies reveals the steps utilized in ascertaining the heirs of C.B. and Eunice Major, which amounted to the investigation of the following Wyoming County records: all deed books from 1889 to 1987; the tax assessment records; the taxpayer's list; the Sheriff's Deed Book; all will books; and finally, the voter's registration list. From this investigation, appellee was able to locate a deed, dated October 28, 1889, wherein C.B. and Eunice Major conveyed a portion of land to one Albert Lewis, while specifically reserving the property that is the subject of this litigation for themselves. On the face of the deed, the address of the Major's was listed as being in Lehman Township, which is

located in neighboring Luzerne County. No effort was made by anyone in the employ of appellee to conduct an investigation in Lehman Township because, in the words of appellee, "if Eunice or C.B. Major were alive in 1987, they would have been more than one hundred years old." Brief of appellee at 8. Appellee then concluded its investigation as being sufficient.

We do not share in the opinion of appellee that the aforementioned investigation was sufficient. The Note accompanying Rule 430(a) sets forth examples of good faith efforts to locate a defendant through regular means. It provides:

> An illustration of good faith effort to locate the defendant includes (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.

While by no means exhaustive, this Note is at least indicative of the types of procedures contemplated by the legislature when enacting Rule 430. In essence, it provides that more than a mere paper search is required before resort can be had to the publication provisions of Rule 430(b). In the case at bar, the record clearly demonstrates the need for such a requirement.

Charles Kovalick testified on behalf of appellants during the hearing regarding the petition to open. Mr. Kovalick, it seems, was also interested in the subject property, so much so that he had erected a hunting cabin on it in the hopes of establishing a claim against its rightful owner. During his testimony, Mr. Kovalick related an incident with Wayne Divis which occurred on the property in question in September of 1987. At that time, Kovalick was attempting to enter on the land in an effort to reach his cabin. Mr. Divis approached Kovalick and informed him that appellee had obtained title to the land and asked that he leave. Kovalick complied with this request.

Shortly thereafter, Kovalick along with his brother, drove to the Wyoming County Courthouse for the purpose of finding the owner of the property. While there, they located the same deed found earlier by appellee. Unlike appellee, however, Kovalick and his brother then proceeded to Lehman Township. Once there, they started their search at a cemetery where they were able to locate the grave of C.B. Major. From that point they were led to the home of Judith Dawe, great-grandaughter of the Major's and one of appellants herein. Under the guise of obtaining permission to hunt on the subject property, Kovalick informed Ms. Dawe of the presence of appellee on the land.[3] According to Kovalick, the entire process of locating Ms. Dawe took approximately one hour.

Though we certainly do not applaud his motive, Mr. Kovalick was able to do in one hour what appellee, through the efforts of its employee and attorney were unable to do—find an heir to C.B. and Eunice Major. While we hesitate to find that appellee was obligated to engage in exactly the same type of investigation that led Mr. Kovalick to Ms. Dawe, we do believe that an investigation was warranted in Lehman Township, the location listed for the last record owner of the subject property. We recognize, of course, that this was an unusual case. Apparently, the subject property had never been formally transferred, either by will or in an intestacy proceeding, nor had any real estate taxes been paid on it. Nevertheless, the fact that absolutely no inquiry was made outside of Wyoming County compels us to conclude that appellee did not conduct an adequate investigation designed to locate any potential heirs to the property. Therefore, we reject its claim to the contrary.

■ In light of the foregoing, what we hold today is that in order to effect service by publication pursuant to the provisions of Rule 430(b), the party must first file a motion,

---

**3.** While relating this incident during her testimony, Ms. Dawe stated that Kovalick never told her that appellee had actually obtained a judgment on the property and was claiming title thereto.

accompanied by an affidavit conforming to the requirements set forth in Rule 430(a). Because the appellee and the trial court failed to follow this procedure, we conclude that a default judgment should not have been entered. Under the present circumstances, we find that appellants were not properly served with notice of this action, therefore, the trial court had not obtained the requisite personal jurisdiction needed for entry of judgment. *See U.S. Dept. of Housing v. Dickerson, supra,* 358 Pa.Super. at 26–28, 516 A.2d at 751–752 (rules of civil procedure regarding service of process are to be strictly construed as they are essential to proper jurisdiction over the parties). Accordingly, we conclude that the trial court's action in refusing to open the default judgment and allow the appellants to file an answer to the complaint constituted an abuse of discretion. Under these circumstances, we have no alternative but to reverse their order and remand for proceedings consistent with this opinion.[4]

Reversed and remanded. Jurisdiction relinquished.

---

4. In light of our disposition of this issue, we need not address appellants' second claim.