J-S35032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| POPULAR, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN J. JACKO III, TRUSTEE UNDER | : | |
| THE WILL OF JOHN V. ROSADO, | : | |
| | : | |
| Appellant | : | No. 3488 EDA 2018 |

Appeal from the Order Entered October 25, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 180703803

BEFORE: OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED AUGUST 1, 2019**

John J. Jacko, III, trustee under the will of John V. Rosado (Jacko),

appeals from the order entered on October 25, 2018, which denied his petition

to strike or open[1] a default judgment entered against him and in favor of

Popular, Inc. Upon review, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] "A petition to strike a judgment and a petition to open a judgment are separate and distinct remedies and not interchangeable." ***U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1027 (Pa. Super. 2017). As we will discuss *infra*, it is not clear whether Jacko was filing a petition to strike judgment or a petition to open judgment, and we will evaluate his arguments under both standards.

On June 23, 2004, Popular, Inc. filed a statement of claim against Jacko, Bobby Mitchell, and Commercial Roofing, Inc.,[2] in the Philadelphia Municipal Court, which provided the following.

> The Plaintiff, Popular, Inc., is a check cashing agency that cashed a check for Defendants, Bobby Mitchell, and Commercial Roofing, Inc. in the amount of $2,100.00. This check was issued by Defendant, John J. Jacko III, Trustee of Trust Under the Will of John V. Rosado, and was returned due to non-sufficient funds. Plaintiff seeks payment of $2,100.00 plus interest, court costs, and attorney's fees from Defendants, jointly and severally.

Statement of Claim, 6/23/2004.

Attached to the Statement of Claim is a certificate of service stating that (1) Jacko was to be served by Popular, Inc.'s attorney via certified mail at a New Jersey address,[3] and (2) both Mitchell and Commercial Roofing were to be served in Philadelphia at the address for Commercial Roofing. A hearing date was set for August 9, 2004. On that day, counsel for Popular, Inc. appeared at the Philadelphia Municipal Court, and the municipal court entered a default judgment in the amount of $2,892.75 against Jacko.[4] The court continued the case against defendants Mitchell and Commercial Roofing until October 14, 2004. On October 14, 2004, the court entered default judgments

---

[2] Mitchell is the owner of Commercial Roofing, Inc.

[3] This is the address found on the check at issue. The Philadelphia Municipal Court Rules of Civil Procedure (Phil.M.C.R.C.P.) permit service of out-of-county defendants via certified mail. **See** Phil.M.C.R.C.P. 111(C)(1).

[4] The notice of the judgment was sent by the municipal court to the Philadelphia address of Commercial Roofing.

against Mitchell and Commercial Roofing for $2,892.75 upon their failing to appear. It appears that the judgments were all entered jointly and severally.

The next docket entry is not until November 18, 2010, when it appears that Philadelphia Municipal Court records were placed online. Subsequently, according to Jacko, on July 19, 2018, PNC Bank advised Jacko that it had received a subpoena from Popular, Inc. to produce Jacko's bank statement for the account that authored the 2004 check. Therefore, on August 1, 2018, Jacko filed in the Philadelphia Municipal Court what he entitled an "Application to Vacate the Default Judgment and to Quash Subpoena." Application, 8/1/2018, at 1. In support of this application, Jacko argued, *inter alia*, that there was "no affidavit of service evidencing any service of process to [Jacko]" of the statement of claim. ***Id***. at 2. The municipal court denied that application the same day.

Jacko timely appealed to the Court of Common Pleas of Philadelphia County, and on August 9, 2018, Jacko filed a motion for protective order. The trial court heard oral argument on the motion for protective order and denied the motion the same day. N.T., 8/9/2018, at 7; Order, 8/9/2018. At that hearing, *inter alia*, counsel for Popular, Inc. represented to the trial court that he contacted Jacko, who is an attorney, in 2010. Jacko sent an e-mail to counsel for Popular, Inc. requesting that counsel "forward [Jacko] all of the pertinent documents regarding the judgment that was entered August 9, 2004[,] for $2,892." N.T., 8/9/2018 at 3. According to counsel, he responded

to Jacko's request and "never heard from" Jacko again. *Id*.; *see also* N.T., 10/24/2018, at 7.

On August 10, 2018, Jacko filed what he entitled a motion in support of the appeal (Appeal Motion). Once again, he requested that the trial court "vacate the judgment by default." Appeal Motion, 8/10/2018, at 2. The trial court heard oral argument on this motion on October 24, 2018. Jacko specifically requested to have the judgment "vacated because it was never a valid judgment in the first place" because "service wasn't proper." N.T., 10/24/2018, at 6. Jacko argued that the lack of evidence in the record of service of the complaint on Jacko rendered the judgment void. In addition, Jacko specifically stated that the trial court's review of "the appeal must be restricted or limited to what is in the record." *Id*. at 10. On October 25, 2018, the trial court denied Jacko's Appeal Motion.

Jacko timely filed a notice of appeal to this Court, and both Jacko and the trial court complied with Pa.R.A.P. 1925. On appeal, Jacko contends that the trial court erred in denying the Appeal Motion.

We begin our analysis by observing that when one is challenging a judgment, he or she may file a petition to open the judgment, strike the judgment, or both. "A petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense; a motion to strike a judgment is the remedy sought by one who complains of fatal irregularities appearing on the face of the record." *U.S. Bank Nat'l Ass'n for*

- 4 -

***Pennsylvania Hous. Fin. Agency***, 163 A.3d at 1027-28 (internal citations and quotation marks omitted).

Here, Jacko requested that the default judgment be "vacated." Because it is not clear from the record under which of these distinct analyses the trial court reached its conclusion, we will consider both, beginning with the petition to strike. An appeal from the denial of "[a] petition to strike a default judgment presents us with a question of law; consequently, our standard of review is *de novo* and our scope of review is plenary." ***Id***. at 1028 n.9.

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered.

***Cintas Corp. v. Lee's Cleaning Servs., Inc.***, 700 A.2d 915, 917 (Pa. 1997) (internal citations and quotation marks omitted). Instantly, Jacko contends that the judgment entered in the Philadelphia Municipal Court was void *ab initio* due to defects apparent from the record. ***See*** Jacko's Brief at 13. Jacko argues that service of process was improper because the docket does not contain an "affidavit or signed return receipt card." ***Id***. at 19; ***see also id***. at 21 ("In this case, the record docket does not – and has never – reflected the filing of any [a]ffidavit of [s]ervice [pursuant to Phil.M.C.R.C.P. 112].").

> Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning

> service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her. However, the absence of or a defect in a **return of service** does not necessarily divest a court of jurisdiction of a defendant who was properly served. [T]he fact of service is the important thing in determining jurisdiction and … proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.

***Cintas Corp.***, 700 A.2d at 917-18 (internal citations omitted; emphasis in original).

Based on the foregoing, we conclude that the absence of a return of service in the municipal court docket in and of itself was not a fatal defect in the record that deprived the municipal court of jurisdiction over Jacko. ***Id***. at 918 (holding "noncompliance with Rule 405(a)[, regarding return of service,] did not render service fatally defective"). Our jurisprudence does not require that a return of service be filed to perfect service; rather, it is the fact of service itself that must be established. In order to establish service, it is appropriate for a court to look at facts outside of the record, which occurs when one files a petition to open a judgment, not when one files a petition to strike a judgment. Accordingly, we conclude that the trial court did not err in not striking the judgment. We now consider whether the trial court erred in denying Jacko's petition to the extent he was claiming the trial court erred by failing to open the judgment for lack of or improper service.

> A petition to open a default judgment is an appeal to the court's equitable powers, and the trial court's disposition of the

petition will not be disturbed absent an error of law or a manifest abuse of discretion. In deciding whether to open the judgment, three factors should be considered and must coalesce: (1) the petition to open must be promptly filed; (2) the failure to enter an appearance or file a timely answer must be excused; and (3) the party seeking to open the judgment must exhibit a meritorious defense.

We need not, however, engage in the above analysis if the party seeking to open the judgment has not received valid service or notice of the proceedings. Under those particular circumstances, the court has no jurisdiction over the party and is powerless to enter judgment.

*Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 943 (Pa. Super. 1989) (citations omitted).

According to Jacko, it was Popular, Inc.'s burden to establish that it properly served Jacko in 2004. Jacko's Brief at 17. Here, the trial court set forth its position that Jacko was properly served.

> [T]he [municipal court] docket indicates that the "Original Pleadings and Attachments" were uploaded to the [electronic] docket as an exhibit on November 18, 2010, when the [m]unicipal [c]ourt destroyed the then six (6) year old case file. Accordingly, neither [Popular, Inc.] nor the [m]unicipal [c]ourt has the original green card indicating service by certified mail because the judgment was entered fourteen (14) years ago. In addition, at the time the default judgment was entered, [Popular, Inc.] would have been required to provide proof of service under [Phil.M.C.R.C.P.] 120(a) & (b): "The [c]ourt shall mark the claim "No Service—Dismissed without Prejudice" against any defendant who is not served," & "If the claimant appears and the defendant does not, and damages are proven …, judgment by default shall be entered for claimant, provided service was made at least seven (7) days prior to trial, otherwise, the claim shall be continued to a date certain." In this case, the [m]unicial [c]ourt docket indicates "Disposition – Judgment for Plaintiff by Default" against [Jacko] on August 9, 2004. Therefore, because the docket does not indicate "No Service-Dismissed without Prejudice," [Popular, Inc.] would have been required to produce proof of service.

- 7 -

Trial Court Opinion, 3/8/2019, at 5.[5]

We discern no error of law or manifest abuse of discretion in the trial court's conclusions. Jacko has set forth no argument to persuade us that he was never served with the statement of claim; rather, his entire claim hinges on the fact that the docket does not contain evidence of a return of service. Having concluded that was not a fatal defect in the record, Jacko was required to convince the trial court that he was not served. He did not do that, and we discern no manifest abuse of discretion in that conclusion. Accordingly, we conclude Jacko is not entitled to relief, and we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/19

---

[5] In addition, the trial court concluded, *inter alia*, that Jacko has not "met the three (3) prong test for opening a default judgment." Trial Court Opinion, 3/8/2019, at 4. However, as discussed in **Deer Park Lumber**, *supra*, because Jacko was contesting service, he was not required to satisfy the three-prong test. Thus, we agree with Jacko that the fact that this petition was filed 14 years after the judgment was entered should not have been considered by the trial court. Nevertheless, based upon the record before us, we can still affirm the trial court's order.