2023 PA Super 191

| NICHOLE S. CHAPPELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HANNAH M. POWELL | : | No. 253 WDA 2023 |

Appeal from the Order Entered February 22, 2023
In the Court of Common Pleas of Blair County Civil Division at No(s):
No. 2022 GN 1013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

OPINION BY LAZARUS, J.:                    **FILED: September 29, 2023**

Nichole S. Chappell appeals from the order, entered in the Court of Common Pleas of Blair County, sustaining Appellee Hannah M. Powell's preliminary objections and dismissing Chappell's complaint for failing to make good faith efforts to serve Powell.  After careful review, we reverse and remand.

Chappell and Powell were involved in a motor vehicle accident on May 10, 2020, when Powell, attempting to make a left-hand turn directly in front of Chappell's approaching vehicle at an intersection, "failed to slow her vehicle down or otherwise ensure traffic was clear[, and then] proceed[ed] through and enter[ed] the intersection where she collided with" Chappell.  Complaint, 4/25/22, at ¶ 10.  On April 25, 2022, Chappell filed a negligence complaint against Powell alleging that she sustained multiple injuries as a result of the

accident. On April 28, 2022,[1] Chappell unsuccessfully attempted to serve Powell with the complaint at a residence located at 1519 Princeton Road, Altoona.[2] On August 22, 2022, Chappell received a letter, dated 8/15/22, from the Postmaster indicating that there was a "good C[hange] o[f] A[ddress] on file" for Powell.

On August 26, 2022, the trial court entered an "Alternative Service Order," stating:

> AND NOW, THIS **26th DAY of August, 2022**, OUR REVIEW OF THE DOCKET IN THE ABOVE[-]CAPTIONED MATTER INDICATES THAT SERVICE HAS BEEN ATTEMPTED BUT NOT MADE ON THE **COMPLAINT**. IN LIGHT OF OUR COMMITMENT TO PROMPT AND FAIR DISPOSITION OF CIVIL CASES, YOU WILL BE GIVEN FORTY-FIVE (45) DAYS FROM THE DATE OF THIS NOTICE TO **PETITION THIS COURT FOR ALTERNAT[IV]E SERVICE**,[3] UNLESS YOU ARE ABLE TO REINSTATE THE COMPLAINT (IF NECESSARY) AND PERFECT SERVICE WITHIN THIS FORTY-FIVE (45) DAY TIME FRAME.
>
> IF SERVICE IS NOT PERFECTED BY THIS DEADLINE OR YOU DO NOT PETITION THE COURT FOR ALTERNAT[IV]E SERVICE, THE COMPLAINT WILL BE DISMISSED **WITH PREJUDICE** IN ACCORDANCE WITH THE POWER GIVEN TO THIS COURT UNDER RULE 1901 OF THE PENNSYLVANIA RULES OF JUDICIAL ADMINISTRATION.

---

[1] A sheriff's county service cover sheet shows that service was attempted by Chappell on 4/28/22 and that the server "spoke with homeowner on the phone [who] stated that they just moved in [and] did not know a Hannah Powell[, b]ut believed the last owners moved to NM." Blair County Sheriff's Office Service Cover Sheet, 4/28/22.

[2] The statute of limitations for Chappell's negligence cause of action expired on May 10, 2022. **See** 42 Pa.C.S.A. § 5534(2).

[3] The 45th day fell on October 10, 2022.

Order, 8/26/22 (emphasis in original). On August 30, 2022, Chappell sent the Postmaster a letter asking "what Ms. Powell's current address is" and included a self-addressed stamped envelope. *See* Letter, 8/30/22. Chappell filed a praecipe to reinstate the complaint on September 12, 2022; the complaint was reinstated on that date. *See* Pa.R.C.P. 401(b)(1).[4] On October 5, 2022, in compliance with the trial court's August 26, 2022 order, Chappell filed a "Motion to Serve Powell Pursuant to Pa.R.C[.]P. 430," seeking permission to alternatively serve Erie Insurance Co. (Erie),[5] Powell's insurer, on behalf of Powell. *See* Pa.R.C.P. 430.

On November 2, 2022, the court issued an order granting Chappell's motion for alternative service, stating that "Chappell[] may serve Erie Insurance . . . by mailing within 10 days . . . a copy of the [c]omplaint" in the matter. Order, 11/2/22. One day later, on November 3, 2022, Chappell served Erie with the complaint, on behalf of Powell. A sheriff's return of service form in the record also reveals that Chappell served the complaint personally on Powell on November 15, 2022. *See* Sheriff's Return of Service, 12/1/22 ("11/15/2022 11:18 AM - The requested complaint in civil action (CICA) was served by the Sheriff of Indiana County upon Hannah Powell, personally, at 7919 Route 403 Hwy[.] South, Armagh, PA[,] 15290. Dep.

_____

[4] For unknown reasons, Chappell filed another praecipe to reinstate the complaint on October 24, 2022. The docket indicates that the complaint was reinstated on that date as well.

[5] Chappell listed Erie's home office located at 100 Erie Insurance Place, Erie, Pennsylvania 16530, as the address to effectuate alternative service.

Robert Mundorff, Sheriff, return of service attached to and made part of the within record.").

On November 28, 2022,[6] Powell filed preliminary objections seeking to dismiss Chappell's complaint on the basis that Chappell failed to make a good faith effort to diligently and timely serve Powell with original notice. **See** Pa.R.C.P. 1028(a)(1). Specifically, Powell alleged that: (1) Chappell failed to execute proper service upon her; (2) Chappell did not effectively reinstate the complaint; (3) Chappell only attempted to serve her once, on April 28, 2022, prior to the expiration of the statute of limitations; (4) from May through August 2022, Chappell made no effort to reinstate the complaint or serve her; and (5) the statute of limitations expired during this four-month period of inaction. Powell's Preliminary Objections, 11/28/22, at 1-3. Powell attached a copy of an envelope to her preliminary objections; the envelope is addressed to Erie Insurance Company,[7] with a postmark of November 3, 2022, via first-class mail. **See** Preliminary Objections, 11/28/22, at "Exhibit C." Powell also averred in her preliminary objections that "Plaintiff mailed the Complaint on or about November 3, 2022." **See id.** at ¶ 9.

On December 16, 2022, Chappell filed a response to Powell's preliminary objections, attaching ten exhibits, to prove that she made good faith and

---

[6] On that same date, counsel for Powell entered her appearance. **See** Notice of Appearance, 10/28/22.

[7] The envelope was addressed to the address provided by Chappell in her motion. **See supra** at n.5.

reasonable efforts in attempting to serve Powell. Specifically, Chappell argued that she "carried her burden to establish that a good faith effort was made to serve [Powell by having] the sheriff attempt service [] at [Powell's] address listed in the police report just [*three*] *days* after the [c]omplaint was filed." Brief in Opposition to Preliminary Objections, at 5 (emphasis in original). Moreover, Chappell explained that this initial service attempt was unsuccessful because Powell "had moved away from her only known address." **Id.** Chappell then averred that her counsel "used other means to locate [Powell's] new address, including social media searches, internet searches, public record searches, and contacting the Postmaster of Blair County." **Id.** at 6. When none of these avenues proved fruitful, Chappell avers that she petitioned the court for alternate service in compliance with the court's August 26, 2022 order, and, after the court granted Chappell permission to alternatively serve Powell's insurer, Chappell timely complied and served the insurer the next day.[8]

On February 22, 2023, the trial court granted Powell's preliminary objections on the issue of service of process and dismissed Chappell's complaint. The trial court determined that "the actions of [Chappell] in

_____

[8] The court's order permitting Chappell to effectuate alternative service on Erie states that "[s]ervice shall be deemed to have been made on the date of the mailings made in accordance with this [c]ourt [o]rder." Order of Court, 11/2/22. A copy of the envelope in which the complaint was mailed to Erie has a postmark of November 3, 2022. **See** Defendant's Preliminary Objections, 11/28/22, at "Exhibit C." Thus, Chappell's mailing of the complaint to Erie "on or about November 3, 2022," which was admitted by Powell in her preliminary objections, is the date that we deem service was made.

attempting to perfect service of the [c]omplaint fell short of the requirement of good faith and due diligence." Trial Court Opinion, 3/28/23, at 3. Specifically, the court found that Chappell did not make "good faith" efforts to serve Powell where "it was not until [after] the [c]ourt issued a case management [or]der that [Chappell] took serious steps to attempt to effectuate service." *Id.* at 4.

Chappell filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Chappell raises the following issue for our consideration:

> Did the trial court err in finding [Chappell] did not make a good faith effort to serve the [c]omplaint on Powell when[:] (1) [Chappell] attempted to serve the [c]omplaint on Powell via sheriff service immediately after filing [the complaint]; (2) [Chappell] made diligent and reasonable efforts to locate the Powell after learning that Powell did not reside at her last known address; and (3) [Chappell] perfected service by mailing the [c]omplaint to Powell's insurance carrier in a timely manner, pursuant to the trial court[']s August 26, 2022, [a]lternate [s]ervice [o]rder?

Appellant's Brief, at 5.[9]

_____

[9] Following is a succinct timeline of relevant facts:

- May 10, 2020 - cause of action arises (automobile accident);
- April 25, 2022 – complaint filed;
- April 28, 2022 – unsuccessful service of complaint attempted on Defendant at last known address;
- May 10, 2022 – statute of limitations deadline on underlying cause of action;
- August 22, 2022 – Chappell receives 8/15/22 letter from Postmaster indicating good change of address on file for Powell;
- August 26, 2022 – trial court issues case management order directing Chappell to reinstate complaint and perfect service or move for alternative service within 45 days;

(Footnote Continued Next Page)

In reviewing a trial court's order sustaining preliminary objections for improper service of process

> [o]ur standard of review . . . is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

***Bellan v. Penn Presbyterian Med. Ctr.***, 271 A.3d 506, 509 (Pa. Super. 2022) (citation omitted).

Chappell argues that she "made numerous attempts to locate Powell after the [c]omplaint was filed [and that] credible evidence was offered to show that [she] made good faith and reasonable efforts to locate Powell and perfect service." Appellant's Brief, at 10. Chappell contends that she "was

---

- August 30, 2022 – Chappell sends form to Postmaster asking for Defendant's new address on file;
- September 12, 2022 – Chappell praecipes to reinstate complaint;
- September 12, 2022 – complaint reinstated;
- October 5, 2022 – Chappell files motion to alternatively serve Erie pursuant to Pa.R.C.P. 430(a);
- October 24, 2022 – Chappell again praecipes to reinstate complaint;
- October 24, 2022 – complaint reinstated;
- November 2, 2022 – trial court issues alternative service order permitting service by mail to Erie; and
- November 3, 2022 – Chappell serves Erie by mailing complaint, via first-class mail.

making proactive efforts to locate and serve [Powell] before the trial court's alternative service order," *id.* at 21, and, "given the steps [Chappell] took to discover [Powell's] new address and [Chappell's] compliance with the trial court's alternative service order, [Chappell] has satisfied her burden of proving that good faith efforts were made to serve the complaint." *Id.* at 22.

Pennsylvania Rule of Civil Procedure 1007 allows a plaintiff to commence a civil action by filing either a praecipe for a writ of summons or a complaint. *See* Pa.R.C.P. 1007(1)-(2). A plaintiff is required to serve the defendant with original process within 30 days after the issuance of a writ or the filing of a complaint. *See* Pa.R.C.P. 401(a). If the plaintiff does not effectuate service within that time period, he or she can praecipe for reissuance of the writ or reinstatement of the complaint. *See* Pa.R.C.P. 401(b)(1). As long as the plaintiff files his or her writ or complaint before the expiration of the statute of limitations applicable to the cause of action, the original filing, as well as any subsequent reissuances or reinstatements, tolls the statute of limitations. *Gussom v. Teagle*, 247 A.3d 1046, 1048 (Pa. 2021).

In cases where "'**service cannot be made**' in the normal fashion," *Sisson v. Stanley*, 109 A.3d 265, 270-71 (Pa. Super. 2015) (emphasis in original), "a plaintiff may move the court for a special order directing the manner of service pursuant to Rule 430(a)." *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 944 (Pa. Super. 1989). Pennsylvania Rule of Civil Procedure 430 states, in relevant part:

Rule 430. Service Pursuant to Special Order of Court. Publication

> **(a)** If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. **The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.**

Pa.R.C.P. 430(a) (emphasis added).[10]

Our Court first interpreted Rule 430 in **_Deer Park_**, **_supra_**, stating:

> As set forth above, Rules 410 and 430 are clear on their face. . . . Where service cannot be made under these provisions, for example, where a defendant cannot be located, a plaintiff may move the court for a special order directing the manner of service pursuant to Rule 430(a). **Under this approach, a plaintiff must provide, along with the motion, an affidavit stating the nature and extent of the investigation undertaken to locate the defendant. The purpose of this procedure is to provide proof that a good faith effort has been made to effect service under normal methods. Only after such proof has been offered is the court authorized to direct publication or another method of substitute service.**

---

[10] The Note to Rule 430 lists examples of actions that constitute a "good faith" effort to locate a defendant:

> (a)  Inquiries of postal authorities[;]
>
> (b)  Inquiries of relatives, neighbors, friends, and employers of the defendant;
>
> (c)  Examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and
>
> (d)  A reasonable internet search.

Pa.R.C.P. 430, Note.  Our courts have stated that this list is, by no means, exhaustive. **_Deer Park_**, **_supra_** at 946.

*Id.* at 944 (emphasis added). "The availability of alternative methods of service as provided in [R]ules[430(a)-(b)] assures that the vigilant plaintiff need not be consigned to an endless cycle of reissuing and attempting personal service." ***Witherspoon v. City of Phila.***, 768 A.2d 1079, 1084 n.3 (Pa. 2001).

Instantly, Chappell averred in her Rule 430 motion that, after she unsuccessfully attempted to serve Powell on April 28, 2022, she contacted the Altoona Postmaster, on August 15, 2022, who responded with "good C[hange] o[f] A[ddress] on file, but did not provide Powell's current address." Plaintiff's Motion to Serve Powell Pursuant to Pa.R.C[.]P. 430, 10/5/22, at 1. Chappell also averred that she reached out again to the Altoona Postmaster on August 30, 2022, for information on Powell's current address, "however, to date, plaintiff has not received further correspondence from the Postmaster." *Id.* at 2. Thereafter, Chappelle averred that she "conducted numerous Lexis Public Records searches[,] internet searches, and social media searches to locate Powell, to no avail." *Id.*

Additionally, Chappell's attorney, Paul G. Mater, Jr., Esquire, attached the following affidavit to Chappell's Rule 430 motion:

1. I am the attorney for Plaintiff Nichole S. Chappell, in the above-captioned matter.

2. This action was instituted as a result of a May 10, 2020 motor vehicle incident involving a vehicle operated by Hannah M. Powell.

3. Service was attempted on Powell's address listed in the Police Report on April 28, 2022. No service was made by Blair County Sheriff as the Powell was no longer living at this address.

4. A Postmaster inquiry was requested for Powell's current address, however the address was not provided to plaintiff.

5. Numerous internet and public record searches were attempted to locate Powell, however none of the searches revealed Powell's current address.

Affidavit of Paul G. Mater, Jr., Esquire, 9/30/22.

Instantly, Chappell technically complied with Rule 430(a) by attaching to her motion "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of [D]efendant and the reasons why service cannot be made." Pa.R.C.P. 430(a). **Cf. Deer Park**, **supra** at 945 (trial court's order permitting plaintiff to serve defendants by publication was "clearly error," where trial court did not inquire into plaintiff's investigation to uncover whereabouts of potential defendants, plaintiff failed to provide any indication of types of procedures used to locate defendants; alternative service can only be ordered "provided the requirements of Rule 430(a) have been met"); **see also Bank of N.Y. Mellon v. Colton**, 217 A.3d 382, *4 (Pa. Super. filed May 9, 2019) (unpublished memorandum decision) (Rule 430(a) affidavit must detail plaintiff's good faith efforts to locate defendant).[11]

---

[11] **See** Pa.R.A.P. 126(b) (non-precedential decisions filed after May 1, 2019, may be cited for persuasive value); **see also** Operating Procedure 65.37 (same).

Moreover, as explained in **Deer Park**, **supra**, a trial court may not authorize alternative service under Rule 430 until there is "proof that a good faith effort has been made to effectuate service under normal methods." **Deer Park**, 559 A.2d at 944. Accordingly, the trial court's November 2, 2022 order, granting Chappell's motion for alternative service, indicates that the trial court believed, as of that date, that Chappell *had* made the requisite showing of a good-faith effort to serve Powell pursuant to the ordinary service rules. **See Northern Forests II, Inc. v. Keta Realty Co.**, 130 A.3d 19, *31 (Pa. Super. 2015) (affidavit accompanying Rule 430 motion "must demonstrate that the plaintiff exhibited 'due diligence and good faith' in attempting to locate the defendants"). **See also Rosenberg v. Reading Hotel Park, Inc.**, 258 A.3d 521 (Pa. Super. filed June 14, 2021) (unpublished memorandum); **City of Phila. Water Revenue Bureau v. Towands Props., Inc.**, 976 A.2d 1244 (Pa. Cmwlth. 2009).

Despite the court's earlier finding that Chappell had made a good-faith effort to serve Powell, in its February 22, 2023 opinion explaining the reasons for granting Powell's preliminary objections, the trial judge stated, in relevant part:

> Plaintiff reinstated the complaint on September 9, 2022[,] and filed a motion to serve Erie Insurance on October 5, 2022. Said motion was granted. The defendant was also personally served in Indiana County on November 15, 2022. There is no explanation offered as to how Plaintiff located Powell for [the] purpose of making personal service.
>
> After the initial attempt at service, no efforts were made to attempt either personal service or alternative service. It was not until the [c]ourt intervened and issued the order on August 26,

- 12 -

2022[,] that efforts were made to serve the [c]omplaint. Had the [c]ourt not issued said order, **this [j]urist suspects** the [c]omplaint would have remained unserved for many more months. [Chappell] offers no explanation as to why these efforts could not have been in the nearly four months that passed between the initial attempt at service on April 28th and this [c]ourt's order of August 26th. There is nothing in the record to suggest that Powell was aware of the filing of the lawsuit prior to service being made.

[Chappell's] lack of due diligence in serving the [c]omplaint is apparent. **This [c]ourt finds that [Chappell] has failed to produce evidence of a good-faith effort to serve Powell with notice that the lawsuit had been filed prior to the expiration of the statute of limitations.** Therefore, the action must fail.

Trial Court Opinion, 2/22/23, at 4-5 (emphasis added).

This Court finds it confounding that the same jurist who issued the August 26, 2022 case management order, explicitly granting Chappell 45 days to either reinstate the complaint and perfect service or move for alternative service, would ignore the fact that Chappell did exactly what the court ordered her to do within the 45-day timeline—reinstate the complaint[12] and petition for alternative service. *See* Order, 8/26/22 ("In light of our commitment to prompt and fair disposition of civil cases, *you will be given* forty-five (45) days from the date of this notice **to petition this court for alternative service**, unless you are able to reinstate the complaint (if necessary) and perfect service within this forty-five (45) day time frame.") (emphasis in original (bold)) (emphasis added (italics bold)). To extend Chappell the

---

[12] Admittedly, Chappell did not perfect service after reinstating the complaint, within the 45 days, but she did continue to inquire with the Postmaster to ascertain Defendant's new address.

opportunity, by order, to petition the court for alternative service (which she did) and then find she did not put forth a good-faith effort to serve Powell based on her pre-motion inactivity from April 28, 2022 (date of unsuccessful service) to August 26, 2022 (date of case management/alternative service order) is disingenuous. Rather, a clear reading of Rule 430 implicitly requires a trial judge *first* make a determination of whether a petitioner has provided proof that he or she has made a good faith effort to effect service under the normal service rules *before* issuing an order authorizing a method of substitute service.

We also find it troubling that this jurist would fail to acknowledge the fact that Chappell effectuated alternative service on Powell's insurer[13] just one day after the same trial judge issued an order permitting Chappell to serve Erie within *10* days pursuant to Rule 430. The record evidence shows that Chappell served the complaint on Erie on November 3, 2022, just one day following the court's November 2, 2022 order[14] granting her the right to alternatively serve Powell's insurer. **See** Powell's Preliminary Objections, 11/28/22, at ¶ 21 ("Ultimately, Powell was not served until November 3,

---

[13] The court's alternative service order specifically stated that Chappell may serve Erie a copy of the complaint "by regular U.S. First-Class Mail, postage prepaid, and by certified mail, return receipt requested, to the following address: 100 Erie Insurance Place, Erie, Pennsylvania 16530." Order, 11/2/22. The envelope attached to Defendant's preliminary objections evidences that Chappell complied with this directive.

[14] One can hardly conceive of any change of circumstances that occurred over the course of a single day to warrant the grant of preliminary objections, nor does the record show any such circumstance(s).

2022[,] after the [c]ourt permitted Powell be served by way of her insurer."). Finally, any "suspicion" that the trial judge may have harbored regarding whether the complaint "would have remained unserved for many more months," save for the court's August 26, 2002 case management order, is of no moment for purposes of deciding the issue on appeal. **See Bellan**, **supra** (as reviewing court, we, like trial court, are tasked with, admitting as true, "all material facts set forth in the challenged pleadings, as well as all inferences reasonably deducible therefrom").

Accordingly, we conclude that the trial court erred as a matter of law in granting Powell's preliminary objections where: (1) on August 26, 2022, the court explicitly gave Chappell 45 days to either effectuate proper service on Powell or move for alternative service; (2) Chappell moved for alternative service within 45 days of the court's August 26, 2022 order; (3) on November 2, 2022, the court granted Chappell permission to alternatively serve Erie, Powell's insurer, within 10 days; and (4) Chappell served Erie one day later, on November 3, 2022. **Cf. Northern Forests II**, **supra** at *31 (plaintiff failed to satisfy Rule 430 requisites for service of process by publication where plaintiff's counsel "totally failed to describe what efforts he made to discover the whereabout of any [defendant] holding an interest in the Property").

Because the trial court concluded Chappell made a good faith effort to effectuate service under normal methods as of November 2, 2022, **see Deer Park**, **supra** at 944, and Chappell fully complied with the court's alternative service order, the trial court erred in granting Powell's preliminary

objections.[15] ***See Bank of N.Y. Mellon v. Johnson***, 121 A.3d 1056 (Pa. Super. 2015) (where appellee effectuated service pursuant to "special [Rule 430] order," appellant not entitled to have default judgment struck based on claim appellee failed to prove service of original process under normal service rules).

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2023

---

[15] Defendant does not argue that the trial court erroneously granted alternative service under Rule 430(a).